PER CURIAM.
Walgreen Co., an Illinois corporation, sued the City of Miami, Florida and sought a declaratory judgment and other relief. In answer to Walgreen’s amended complaint the city admitted that certain of the allegations therein were “moot insofar as distance requirements are concerned.”
Thereafter Liles Package Store, Inc. and others filed a petition to intervene in the cause. Their petition set forth only that petitioners were “licensed liquor package stores in the City of Miami” and that they were objectors at the planning and zoning and at the City of Miami hearing at which Walgreen’s application for transfer of a liquor package store license was denied and that they had an interest in the litigation as it was a zoning matter affecting the petitioners. These were the only pleadings filed by Liles or any other intervenors and they did not file a complaint or answer in intervention or any other pleadings or affidavits of any nature in the cause. An order was entered permitting petitioners to intervene in the pending litigation “in subordination to and in recognition of the propriety of the main proceeding.”
Ultimately and after notice the trial judge entered a final summary judgment for Walgreen’s and against the City of Miami.
The intervenor, Liles Package Store, Inc., is the only appellant from the summary final judgment.
The record made in the trial court, which is before us on this appeal, does not reveal how or in what manner the intervenor-appellant is aggrieved or prejudiced by the summary final judgment or how it will be injuriously affected economically or legally by the summary final judgment. See Credit Industrial Co. v. Re-Mark Chemical Co., Fla.1953, 67 So.2d 540; King v. Brown, Fla.1951, 55 So.2d 187; Rule 3.11(a), F.A. R., 32 F.S.A.; 4 Am.Jur.2d Appeal and Er *272 ror §§ 178, 180, 182 and 183; and 4 C.J.S. Appeal and Error § 186. Cf. Los Angeles Printing Co. v. Los Angeles Round-Up, 101 Cal.App. 733, 282 P. 401 (1929).
We previously denied a motion to dismiss filed by Walgreen’s without prejudice to argue the point on appeal. We now grant the motion and the appeal is
Dismissed.