(No. 20634.—

THOMAS WAYDE BOTTRELL, Appellant, *vs.* MARY ELIZA-
BETH SPENGLER *et al.* Appellees.

*Opinion filed April 23, 1931.*

WEBBER & WEBBER, and C. A. PRATER, for appellant.

H. B. HERSHEY, and J. E. HOGAN, for appellees.

Mr. JUSTICE HEARD delivered the opinion of the court:

Appellant, Thomas Wayde Bottrell, filed in the county court of Christian county his petition for the probate of a single sheet of paper purporting to be the last will and tes-

tament of Sampson Bottrell, who died in November, 1929. The court granted the prayer of the petition, and certain heirs of Sampson Bottrell appealed to the circuit court of that county. While that appeal was pending appellant appeared by counsel at the March, 1930, term of the circuit court and by leave of court dismissed the petition. Thereafter, on March 17, 1930, appellant filed in the county court a second and entirely new petition to probate the will of Sampson Bottrell. This petition prayed that the writing formerly offered be admitted to probate, and also that seven certain deeds to convey real estate be admitted to probate as part of the will of the deceased. After a hearing the county court admitted to probate the writing first offered and also one deed but refused probate to the other six deeds. From that order appellant appealed to the circuit court of Christian county. The judgment entered by the circuit court was, that the single typewritten sheet first offered be admitted to probate as the will of Sampson Bottrell. All other documents were denied probate and petitioner was adjudged to pay the costs. From this judgment he has appealed to this court.

No question is raised as to the testamentary capacity of Sampson Bottrell. The proof is clear that the paper admitted to probate was executed with all the formalities required by law governing the execution of wills. .

The second paragraph of the will reads as follows: "I hereby authorize my hereinafter named executors to obtain from my safe deposit box, after due compliance with the State laws, certain deeds of conveyances of real estate which I have heretofore prepared under date of November 13, 1914, and distribute as follows: To my beloved wife and helpmate, Mary C. Bottrell, a deed conveying 62 acres of land in Mosquito Tp., Ill., known as the old homestead, to be absolutely hers during her lifetime." * * *

The third paragraph reads as follows: "I direct that my executors hereinafter named shall deliver to my son,

William Henry Bottrell, deeds conveying title to him in 137 acres of land known as the Wright farm and 30 acres of land off the west end of the Jones farm more accurately described in the deed."

The fourth paragraph reads as follows: "I direct that my executors hereinafter named shall deliver to my son, Thomas Wayde Bottrell, deeds conveying title to him in 160 acres of land in Mosquito Tp., Christian county, Ill., 50 acres of which is known as the Henderson farm, and 110 acres known as the Jones land all property described in deeds."

The fifth paragraph reads as follows: "I direct that my executors hereinafter named shall deliver deeds conveying to my daughters, Mary Elizabeth Spengler and Golda Shepherd 180 acres of land known as the Bard Lewis farm in Mosquito Tp., Christian county, Ill., each of said daughters to have an undivided one-half interest in said land."

The sixth paragraph reads as follows: "I direct my executors hereinafter named to deliver a deed conveying the undivided one-half interest each to Augusta Bottrell and Faye Bottrell, my daughters, in 160 acres of land near Morrisonville, Montgomery Co., Ill."

Appellant contends that the seven deeds were incorporated in the will by reference and that the court erred in not admitting them to probate as a part of the will. The law is well settled in this State that a will may by reference incorporate into itself, as completely as if copied in full, some other paper which in itself is not a will for lack of execution. In order so to incorporate three things are necessary: First, the will itself must refer to such paper to be incorporated (a) as being in existence at the time of the execution of the will, (b) in such a way as to reasonably identify such paper in the will, and (c) in such a way as to show testator's intention to incorporate such instrument in his will and to make it a part thereof. Second, such document must, in fact, be in existence at the time

of the execution of the will and must be shown to be the instrument therein referred to. (*Keeler* v. *Merchant's Trust Co.* 253 Ill. 528.) The will in this case referred to the papers sought to be incorporated in such a way as to reasonably identify them. The evidence shows that they were in existence at the time of the making of the will, that they corresponded to the description thereof in the will, and they were shown to be the instruments therein mentioned. It will therefore be seen that the deeds met all the requirements of the law to be incorporated in the will, provided the will itself referred to them in such a way as to show testator's intention to incorporate them in the will and make them a part thereof. The intention of the testator in this respect is to be determined from the language of the instrument itself, read in the light of the circumstances surrounding the testator at the time of the making of the will, (*Johnson* v. *Askey,* 190 Ill. 58; *Austin* v. *First Trust and Savings Bank, ante,* p. 406;) and no intention can be imported into a will which is not therein expressed. (*Bingel* v. *Volz,* 142 Ill. 214.) No effect can be given to an unexpressed intention which the testator might have had in his mind but failed to express in the will. *McCormick* v. *Hall,* 337 Ill. 232.

We are not construing the will with a view to the ultimate disposition of the testator's property or to determine the validity or effect of the seven deeds, but only for the purpose of ascertaining whether or not the will shows, by the language used therein, that it was testator's intention that the seven deeds should be incorporated therein. There is nothing uncertain or ambiguous about the will with reference to the deeds. The will does not show an intention on the part of the testator to incorporate them for the purpose of probate as a part of his will, but its directions are plain and explicit that the executors should at some time during the course of administration deliver the seven deeds to their respective grantees as independent papers. These directions do not amount to an incorporation by reference, (*Noble* v.

*Tipton,* 219 Ill. 182; *In re Young's Estate,* 123 Cal. 337, 55 Pac. 1011;) as a mere reference in a will to a writing, where it does not otherwise clearly appear from the will itself that it is the intention of the testator that such writing should be incorporated as a part of the will, is insufficient to warrant such incorporation. (28 R. C. L. p. 112.) The question as to the force and effect of the reference in the will to the deeds is not a matter for consideration in this case.

The judgment of the circuit court is affirmed.

*Judgment affirmed.*