## THORNTON v. GRIFFIN et al.

### No. 14437.

Court of Civil Appeals of Texas.
Fort Worth.

Oct. 30, 1942.

Rehearing Denied Dec. 18, 1942.

E. H. Ratcliff, of Fort Worth, for appellant.

H. S. Lattimore, of Fort Worth, for appellees.

BROWN, Justice.

Mollie Thornton Griffin, the mother of three sons, J. Rob, Edwin T. and Walter B. Griffin, made her will on September 16, 1936. This will was duly probated and the son, J. Rob Griffin, nominated as independent executor thereof and qualified as such.

The three sons, as plaintiffs, brought suit to have one paragraph of the will construed and made Mrs. Margaret B. Thornton, surviving wife and only heir of Horace Thornton, deceased, as the sole defendant in the cause.

The reason for making the widow Thornton a defendant is readily understood when it is made known that the deceased, Horace Thornton, was a brother of the testatrix, Mrs. Griffin, and was dead at the time Mrs. Griffin executed her will. He had left a will that was duly probated by which he devised his entire estate ·to his surviving wife and named her as executrix. Horace Thornton had borrowed considerable money from his spinster sisters, Grace and Myrtle Thornton; he had executed notes therefor and these were all barred by limitation when Horace Thornton died.

These two sisters had approached their said sister-in-law concerning the payment of the notes and she had advised them that she did not intend to do anything about the notes.

Mrs. Griffin knew all of these facts when she wrote the will under consideration.

Mrs. Griffin's husband, who predeceased her, had purchased jointly, with Horace Thornton, a tract of about 500 acres of land in Haskell County, and this undivided one-half interest had been duly conveyed to Mrs. Griffin.

It is apparent that the three sons are the lawful heirs of their mother and would inherit the property owned by their mother at the time of her death, unless she disposed of same otherwise by the terms of her will.

Paragraph 6 of Mrs. Griffin's will, sought to be construed by this suit, is: "I deem my half interest in the five hundred (500) acres, near Haskell, Haskell County, Texas, is indebted to brother, Horace, in the sum of $1500.00. If and when this place is sold, or traded, I hope, the proceeds will be sufficient to pay this debt to Horace and any balance I want divided between my three sons. This statement is made with the knowledge the note, signed by father to Horace, evidencing the debt, is barred by limitation; but I hope the proceeds of the sale will be sufficient to satisfy this debt, and I direct my boys to pay this money, due to Horace, as they see fit to apply same."

The reference to "father" signing the note is explained to mean the father of her three sons.

The intention of the testatrix is not made plain by the language used.

She says, paraphrasing her words, that she believes, after consideration of the matter, that her one-half interest in the Haskell County lands is indebted to her brother, Horace, who was dead when the will was written; that she hopes the pro-

ceeds, if and when the land is sold, will be sufficient to pay the debt to Horace and that the balance, if any, she wants divided between her three sons; that she makes the statement knowing that the note, executed by her deceased husband, to Horace is barred by limitation, but that she hopes the proceeds of the sale will be sufficient to satisfy the debt, and she directs her boys to pay the money that is due Horace "as they see fit to apply same".

It seems significant to us that she did not direct the executor of the will to do anything about it in his capacity as such.

The entire proceeds of the property, if sold, under her will belonged to her three sons, unless she made some other positive disposition of same, in the will.

These three boys were the devisees most interested in the subject matter. If this debt that was owing to her deceased brother must be paid out of the proceeds of the lands mentioned, the testatrix has directed that such payment shall be made by her three boys "as they see fit to apply same". This clearly indicates that a majority of these sons are given the privilege of deciding how this money is to be applied.

■ We are of opinion that the paragraph of the will under consideration must be explained in order to ascertain the full intent of the maker.

The trial court heard testimony given to explain what was meant by the language used, and it developed that the testatrix intended that, in the event nothing was paid to her sisters, Grace and Myrtle, on the debts due by her dead brother to them, then her sons were to take $1,500 of the sale price of the Haskell County farm and pay it to her sisters as a partial payment on the dead brother's debts.

■ We do not believe that the testimony so adduced comes within any rule of inadmissibility because it seeks to change the terms of a written will. Rather do we believe that it was properly admitted for the purpose of explaining the will as written and to ascertain the intention of the maker. Taking the other horn of the dilemma, if this will is to be construed solely from the language used and it is not meet and proper to hear evidence tending to throw light upon the intention of the maker, what do we find?

The testatrix simply states that she considers her one-half interest in a certain tract of 500 acres is indebted to her brother Horace (who was dead when the words were written) in the sum of $1,500. She nowhere states that she owes any such debt. She then says that if and when this place is sold, or traded, she hopes that the proceeds will be sufficient to pay this debt to Horace, and that any balance she wants divided equally between her three sons. She then says that she has made the statement knowing that the note executed to Horace by her deceased husband is, at the time of the making of the will, barred by limitation, but that she hopes the proceeds of the sale will be sufficient to satisfy the debt, and she directs that her three sons pay this money that is due to Horace, as they see fit to apply same.

■ We find no words tending to show that the testatrix desires or directs that this sum of money be paid into the estate of her deceased brother, or to any devisee under his will, or to any of his heirs. The disposition of this sum of money is left to the discretion of her three sons, who may pay this money by applying where, in their discretion, they see fit to do so.

We see no substantial difference in the language of this will and that of the will construed by our Supreme Court in the case of Allred, Attorney General, et al. v. Beggs, 125 Tex. 584, 84 S.W.2d 223, in which the discretion of the executor, indicated by the language used, was such that our Supreme Court held that it could not be interfered with by our courts.

We also call attention to the language used in the opinion in the case of Langehennig et al. v. Hohmann, Tex.Com.App., 163 S.W.2d 402, opinion adopted by the Supreme Court, wherein words and expressions much like those found in the will before us were held to manifest an intention that the instrument is not to be taken or considered as a mandatory disposition of the property involved, and that the language used was for the guidance, but not for the control or restraint of the survivor in the final distribution and disposition of the estate to be affected, and that the language was not intended to control the disposition of the decedent's portion of the community property.

Here before us we do not find any language that can be fairly construed as a devise, a bequest or a gift of the $1,500 to any named person, in being, when the words were written. It is certain to our minds that no such intention appears.

We find no mandatory disposition by the testatrix of this portion of her estate.

· The language used in the will before us is simply for the guidance of the persons, in whose hands the property was entrusted, and they are not only not restrained and controlled by the language used, but they are left free to exercise their own discretion in relation thereto.

In the instant case, the 500 acres of land have been sold and $1,500 of the proceeds placed in a bank in escrow to await the outcome of this suit.

The trial court rendered judgment that the three sons named recover the said sum of money "to be disposed of by plaintiffs in accordance with the provisions of said will".

Mrs. Margaret B. Thornton, relict of Horace Thornton, deceased, has appealed.

We overrule all assignments of error.

The judgment of the trial court is affirmed.