AFRICAN METHODIST EPISCOPAL CHURCH, ALLEN CHAPEL, Vernon, Texas et al., Appellants,

v.

INDEPENDENT AFRICAN METHODIST EPISCOPAL CHURCH, Vernon, Texas, Appellees.

No. 6512.

Court of Civil Appeals of Texas.

Amarillo.

June 27, 1955.

Rehearing Denied Sept. 12, 1955.

Poteet & Pruitt, Vernon, for appellants.

Cleddie A. Palmer, Vernon, for appellee.

NORTHCUTT, Justice.

This is a suit involving a controversy between two groups of colored people over the ownership, use and control of certain church properties known and described as Lot No. 8 and the North one-half of Lot No. 7 in Block 9 of the North Addition to the town of Vernon, Wilbarger County, Texas. It is to be noticed that this is not one of those suits where the local congregation becomes divided and each division claims to have the right to the property to the exclusion of the other members. This suit was brought in the name of African Methodist Episcopal Church, Allen Chapel, Vernon, Texas and C. H. Sanders and Joseph Gomez as plaintiffs contending that the African Methodist Episcopal Church, Allen Chapel, Vernon, Texas was the title owner of the property in question and that such church was a component part of the African Methodist Episcopal Church and that said church and the operation thereof was controlled by the articles of incorporation of the African Methodist Episcopal Church and granted by the State of Pennsylvania on the 7th day of December, 1936 and by the doctrine and discipline of the African Methodist Episcopal Church adopted by the general conference of said church as revised in May, 1952; that the said African Methodist Episcopal Church, Allen Chapel, Vernon, Texas is still a component part of the African Methodist Episcopal Church and is in existence and operated under and by virtue of the articles of incorporation and is controlled by the discipline of said church.

In 1927, before the church at Vernon was organized, Lewis Strange and others bought Lot No. 8, being a part of the land in question, and the property was deeded to Lewis Strange, Pat Bennett and R. H. Nesbet, trustees, and C. J. Jones, pastor, and their successors and assigns for the use and benefit of the African Methodist Episcopal Church of Vernon, Wilbarger County, Texas. Then, in 1945, the North one-half of Lot No. 7, being the other part of the land in question, was purchased in the name of Lewis Strange, Ed Jackson, I. W. Gambles, trustees, and their successors and assigns. Lewis Strange and others got together and formed the African Methodist Episcopal Church at Vernon and which church is alleged by the appellants, plaintiffs below, to be a voluntary association and is also shown to be a voluntary association by the evidence.

There is no question but what the church at Vernon had for several years participated in the general conference held by the national organization; under this record, neither is there any question but what all of the property in question was bought and paid for by the local church at Vernon, Texas. All that a member had to do, even under the discipline, to terminate his membership was to withdraw from the church. When the entire membership of the Ver-

non Church including the pastor, said church being a voluntary association, quit the church there was no church existing at Vernon so far as this congregation was concerned. It is to be noted that the African Methodist Episcopal Church incorporated under and by virtue of the laws of the State of Pennsylvania is not a party plaintiff in this suit but it is alleged that the African Methodist Episcopal Church, Allen Chapel, Vernon, Texas is a part of the Pennsylvania corporation. But be that as it may, the discipline even states that the title of the properties in many instances is in the very subordinate churches and the trial court found that the undisputed evidence disclosed that the local church bought and paid for the property and that, when it was bought, the deed of conveyance was made to the trustees of the African Methodist Church of Vernon and not to the mother church; that there was no evidence of any conveyance to the mother church and that the deeds do not conform to the form of deed set out in the discipline and that the local church never submitted its property to the mother church.

█ We are of the opinion and so hold that the deeds for the property in question were made to the trustees mentioned in the deeds for the members constituting the voluntary association of the church at Vernon. These deeds express no trust nor limitation upoon the title and from this undisputed record nothing was ever done to place the title to this property in what is here known as the mother church. When all of the members of the Vernon Church withdrew from what is designated herein as the mother church and dissolved the local church, the trustees naturally held the property in trust for the benefit of those buying and paying for such property and constituting the Vernon congregation of the church. When the entire congregation of the Vernon Church withdrew and re-organized under the name of Independent African Methodist Episcopal Church of Vernon, Texas, they still constituted the same congregation of persons that the trustees were holding the title for and is the body identified as

being the church to which the deeds were made and held in trust for.

We think the case of Brown v. Clark, 102 Tex. 323, 116 S.W. 360, at page 364, 24 L.R.A.,N.S., 670 by the Supreme Court determines the issue involved herein where it is stated:

"What effect did the union between the two churches have upon the property which is here in controversy? This is perhaps the only question in the case of which this court has jurisdiction. The deed for the property was made to the trustees of the Cumberland Presbyterian Church at Jefferson, Tex. It expressed no trust nor limitation upon the title. The property was purchased by the church and paid for in the ordinary way of business, and there is not attached to that property any trust either express or implied. It follows, we think, as a natural and proper conclusion, that the church to which the deed was made still owns the property, and that whatever body is identified as being the church to which the deed was made must still hold the title."

We cannot agree with appellants that Browning v. Burton, Tex.Civ.App., 273 S.W.2d 131 is in favor of the appellants here and we agree with the holding there but the facts are different and shows to be a suit growing out of a controversy between two groups of the same local church but the principle involved in the case here is clearly sustained by the Browning v. Burton case where it quotes the case of Brown v. Clark.

█ The original church at Vernon was never incorporated and was incapable in its associate name of taking and holding real property and naturally must take conveyance under the intervention of trustees. The trustees were holding title for the benefit of those constituting the voluntary association namely the Vernon church. Appellant's assignments of error are overruled and the judgment of the trial court affirmed.