Lawrence **TAYLOR** et al., Appellants,

v.

**REPUBLIC NATIONAL BANK OF DALLAS et al., Appellees.**

**No. 17385.**

Court of Civil Appeals of Texas, Dallas.

Feb. 27, 1970.

Rehearing Denied April 3, 1970.

Forrest Bowers, Huff & Bowers, Lubbock, for appellants.

Hawkins Golden, Golden, Burrow, Potts & Boeckman, Ray Besing, Geary, Brice, Barron & Stahl, Dallas, Z. T. Fortescue, III, Asst. Atty. Gen., Austin, for appellees.

DIXON, Chief Justice.

Appellant Lawrence Taylor and ten other persons filed this suit asking for the construction of the one-page will, dated July 1, 1966, of Dr. Herbert Taylor Huguley, deceased. The defendants in the trial court, appellees here, are Republic National Bank of Dallas, Independent Executor, and seven other organizations or persons. Appellees are either the remaining heirs at law of the deceased, or named recipients of bequests, or are mentioned in the will.

The Attorney General of the State of Texas pursuant to Art. 4412a, Vernon's Ann.Civ.St., filed a plea in intervention supporting the validity of the residual provision of the will, which provision undertook to make a charitable bequest.

The will by its terms made several bequests to individuals and organizations. The remainder of the estate was given to Seventh Day Adventist Denomination General Conference, Washington, D. C., for the establishment of a hospital.

Since this controversy is concerned mainly with Section No. 6 of the will, the residual provision, we copy that section in full:

"6. I hereby give the remainder of My Estate to the:

1. Seventh Day Adventist Denomination General Conference Washington D.C. for a 'Huguley Memorial' Hospital Detailed Described Document regarding the Huguley Memorial attached."

The so-called "Document * * * attached" is not one document. It consists of several documents, fourteen pages in length. The first page bears date February 14, 1966, the last page June 18, 1966. These fourteen pages contain tentative plans for the establishment, construction and administration of a hospital.

Appellants contend that Section No. 6, above quoted, is void and of no force and effect, consequently the residual of the estate should go to the heirs at law according to the laws of descent and distribution.

The Seventh Day Adventist Denomination General Conference filed a motion for summary judgment dated April 14, 1969, which motion was sustained. Accordingly judgment was rendered by the court in favor of the movant, holding the residuary provision to be valid.

The court in its written final judgment signed June 4, 1969 included these recitations:

"1. The Last Will and Testament of the deceased is a one-page Will and the documents, composing approximately 14 pages, attached thereto are not incorporated into such Will by reference.

2. The contents of the aforesaid documents attached to said Will, even if con-

strued to be incorporated into such Will, are nevertheless precatory rather than mandatory, and can have no binding legal effect.

3. The terms of the one-page Will of Herbert Taylor Huguley, Deceased, Testator, are unambiguous.

4. Extrinsic evidence, if offered, would not be admissible to establish that such documents were incorporated into such Will by reference or that same were mandatory rather than precatory.

5. That the contents of the aforesaid documents attached to said Will are not of testamentary character and, further, are in conflict with the manifest general intent of the Testator in the one-page Will and must, therefore, be disregarded in favor of such general intent.

6. The Defendant Seventh Day Adventists Denomination General Conference is an unincorporated religious association and therefore incapable of taking and holding the property in its associate name bequeathed to it by the said Testator. The General Conference Corporation of Seventh-day Adventists is the duly incorporated legal entity authorized to take and hold property for the use and benefit of the Defendant, Seventh Day Adventists Denomination General Conference, and is accordingly entitled to receive the property bequeathed to said Defendant under the terms of the said Will.

7. The Testator's bequest to the Defendant, Seventh Day Adventists Denomination General Conference, is a charitable bequest and shall be given legal effect as such."

The judgment also contains these recitations:

"1. The one-page Will of the Testator, Herbert Taylor Huguley, Deceased, is in all respects adjudged to be unambiguous and valid; and

2. The residuary bequest to the Seventh Day Adventists Denomination General Conference is also in all respects valid as a charitable bequest and that the General Conference Corporation of Seventh-day Adventists is entitled to receive the residuary gift·for the use and benefit of said Seventh Day Adventists Denomination General Conference for a 'Huguley Memorial' hospital."

In their first, second, fourth, fifth and eighth points of error appellants assert that the court erred in holding that (1) the conditions precedent for an instrument to be incorporated into a duly executed will had not been met; (2) the instruments appellants allege to have been incorporated into the will were not sufficiently identified; (4) evidence was not admissible in regard to the required elements concerning the incorporation of an instrument into a will; (5) if the instruments were incorporated by reference, they were precatory rather than mandatory, thus disallowing any extrinsic evidence to clear any ambiguity in the will viewed as a whole, including the instruments incorporated; and (8) in disallowing evidence, extrinsic or otherwise, in rendering summary judgment as to whether the primary purpose of the residuary bequest was to memorialize the Huguley name, for if it was, then the bequest falls as a violation of the law against perpetuities.

■ We agree with the trial court that the will before us is not ambiguous. Therefore the intention of the testator is to be determined by the language of the will itself—that is, by the words selected by the testator. Kettler v. Atkinson, 383 S.W.2d 557, 561 (Tex.Sup.1964). " * * * the Court is to construe the will from the words used therein. * * * The intent must be drawn from the will, not the will from the intent." Huffman v. Huffman, 161 Tex. 267, 339 S.W.2d 885, 888 (1960); Foy v. Clemmons, 365 S.W.2d 384, 386 (Tex.Civ.App., Dallas 1963, writ ref'd n. r. e.); First Nat. Bank of Galveston v.

Trinity Protestant Episcopal Church, 219 S.W.2d 828 (Tex.Civ.App., Galveston 1949, no writ).

Applying the above principles we hold that the language of this will is not the language of incorporation by reference. We so hold for these reasons:

1. The word "attached" is not equivalent to "incorporated". Dr. Huguley did not refer to the attached document as "incorporated herein", or "incorporated herein and made a part hereof" or any similar wording. We know of no authority and none has been cited to us holding that merely stating that something is attached to a will represents an intention to incorporate by reference the attached document into the will. Mere reference to a document is not enough. In order to incorporate a document by reference the intention of the testator must be clearly expressed in his will. Brooker v. Brooker, 130 Tex. 27, 106 S.W.2d 247, 253 (1937); Adams v. Maris, 213 S.W. 622 (Tex. Comm'n App.1919); Allday v. Cage, 148 S.W. 838 (Tex.Civ.App., Fort Worth 1912, writ ref'd); Bottrell v. Spengler, 343 Ill. 476, 175 N.E. 781 (1931).

2. The document in question is not sufficiently described in the will to be capable of identification. The word "attached" is not a sufficient identification. An extraneous document in order to be incorporated into a will must be so clearly identified as to preclude all probability of mistake as to the instrument referred to. As stated in Brooker v. Brooker, supra, 130 Tex. at page 253, 106 S.W.2d at page 253:

"In our opinion, such a record is utterly insufficient to incorporate these deeds into the will by reference. The deeds are not described in any manner in the will, and neither are the properties included therein. So far as we know, testator could have executed other deeds to Alice and Tina Brooker and destroyed

them before death. At least this could have happened. * * * *In the same manner a testator could refer in general language to any other class of documents as already executed by him, make such documents part of his will by reference, and then destroy them, and no one would be the wiser. * * * each particular document should be identified by the will so as to leave the intention of the testator in regard thereto reasonably free from doubt." (Emphasis ours.)*

The will mentions one document. But the fourteen pages alleged to be incorporated by reference include several documents. It is impossible to identify any one of the documents as the *document* mentioned in the will. See also Allday v. Cage, 148 S.W. 838 (Tex.Civ.App., Fort Worth 1912, writ ref'd); Bottrell v. Spengler, 343 Ill. 476, 175 N.E. 781 (1931).

3. The documents which appellants would incorporate into the will by reference provide that Dr. Huguley himself is to be Chief of Staff of the hospital and that he must be consulted and his approval obtained in certain matters. Such provisions and others which we shall not detail plainly preclude any thought that the doctor intended to incorporate such provisions into his will, which of course could only take effect after his death.

We agree with the trial court's recitation No. 2 that the contents of the documents in question, even if construed to be incorporated into the will, are precatory rather than mandatory, therefore can have no binding legal effect.

On the first page of the first document dated February 14, 1966 Dr. Huguley says "*I propose* to set up a memorial hospital * * *." (Emphasis ours.) He also mentions a *proposed* 300-room hospital. He further states that he *proposes* to put up $2,500 in cash immediately for certain purposes. There are numerous other statements* in the fourteen pages of alleged

---

* Among such statements are these:
    "5. It is expressly agreed and understood and a condition of this gift that

Herbert Huguley, the donor hereof, shall be consulted, and his approval (don't want any monstrosity built) in writing shall

**564**

attached documents which convince us beyond any possible doubt, considering the will in its entirety, that the documents in question are only expressions of Dr. Huguley's desires, wishes and dreams, hopefully to be effected if circumstances permitted, perhaps in his lifetime. Byars v. Byars, 143 Tex. 10, 182 S.W.2d 363, 366 (1944); Banks v. Banks, 262 S.W.2d 119, 122 (Tex.Civ.App., Fort Worth 1953, no writ); Thornton v. Griffin, 166 S.W.2d 737 (Tex.Civ.App., Fort Worth 1942, ref'd w. o. m.); Mason & Mason v. Brown, 182 S.W.2d 729, 731 (Tex.Civ.App., Dallas 1944, no writ).

■ We see no merit in appellants' fourth and eighth points of error. This is an appeal from a summary judgment. No oral testimony may be received at a hearing on the motion for a summary judgment. But the court, in determining whether a fact issue exists, may look to "summary judgment evidence"—that is, depositions, admissions on file and affidavits filed in support of the motion. Rule 166–A(c), Vernon's Texas Rules of Civil Procedure. In this case the court had before it the will of the testator, the documents allegedly incorporated into the will, the motion itself and affidavits by officers of appellee regarding its corporate structure and other matters. Appellants filed an unsworn answer to the motion of appellee for summary judgment. However, they did not file or offer any depositions, admissions or controverting affidavits in support of their unsworn answer. It was incumbent on them to do so in order to defeat appellee's motion. The "summary judgment evidence" offered by appellee is unchallenged and entitled appellee to a summary judgment. Kuper v. Schmidt, 161 Tex. 189, 338 S.W.2d 948 (1960); Gulf, Colorado &

Santa Fe Ry. Co. v. McBride, 159 Tex. 442, 322 S.W.2d 492 (1958); Womack v. I. & H. Development Co., 433 S.W.2d 937, 940 (Tex.Civ.App., Amarillo 1968, no writ); Street v. Hannasch, 410 S.W.2d 941, 943 (Tex.Civ.App., San Antonio 1967, no writ); State v. LeBlanc, Inc., 399 S.W.2d 919, 922 (Tex.Civ.App., Houston 1966, no writ).

■ We cannot agree with appellants that they should have been allowed to introduce evidence that the bequest to Seventh Day Adventist Denomination General Conference violates the law against perpetuities. We hold so for these reasons:

1. Appellants, as hereinbefore stated, offered no summary judgment evidence controverting appellee's motion for summary judgment.

2. The dominant purpose of the will when considered by its express terms in their entirety is to establish a hospital to be owned and operated by a religious organization. This was a charitable bequest. See Boyd v. Frost Nat. Bank, 145 Tex. 206, 196 S.W.2d 497, 502 (1946); City of Dallas v. Smith, 130 Tex. 225, 107 S.W.2d 872, 878 (1937); Enell v. Baptist Hospital, 45 S.W.2d 395 (Tex.Civ.App., Galveston 1931, writ ref'd); Baylor University v. Boyd, 18 S.W.2d 700 (Tex.Civ.App., Dallas 1929, no writ); Scott v. All Saints Hospital, 203 S.W. 146 (Tex.Civ.App., Fort Worth 1918, no writ); Davis v. Gulf, C. & S. F. Ry. Co., 196 S.W. 603 (Tex.Civ.App., Fort Worth 1917, writ ref'd). See also Powers v. First Nat. Bank of Corsicana, 138 Tex. 604, 161 S.W.2d 273 (1942); Burney v. Burney, 145 Tex. 311, 197 S.W.2d 334, 336 (1946); Taysum v. El Paso Nat. Bank, 256 S.W.2d 172, 176 (Tex.Civ.App., El Paso 1952, writ ref'd).

be required regarding all plans and specifications, building contracts in connection with the construction and erection of all buildings, structures and all improvements made on said premises."

"7. The Donor of said proposed memorial also *proposes* to put up $2,500 in cash immediately (or as needed) with the said 'General Conference' for the purpose

of procuring a *tenative 'Plan and Brochure'* for said proposed hospital. It is understood and agreed that *if for any reasons the proposal does not work out,* that the *'Plan and Brochure'* be deleted and *the proposal shall be withdrawn by the donor* and be of no further force and effect *and the whole proposition be forgotten."* (Emphasis ours.)

Appellants' first, second, fourth, fifth and eighth points are overruled.

In their third point appellants assert that the court erred in holding that the instruments alleged to be incorporated into the will were not in existence at the time the will was executed. Appellants are obviously mistaken. We find no such holding by the court. It is undisputed that the documents were in existence at the time the will was executed. But that fact alone is not material since other elements necessary to incorporate by reference are lacking. Appellants' third point is overruled.

In their sixth and seventh points appellants complain because (6) the court by its ruling impresses an illegal charitable trust (7) without receiving testimony. It is true that the unincorporated religious association, Seventh Day Adventist Denomination General Conference, is not legally capable of taking and holding real property in its name. But the record discloses that the Seventh Day Adventists have for many years had a General Conference Corporation which is empowered to hold property for the use and benefit of the Seventh Day Adventist Denomination General Conference. The law is that a charitable bequest will not be permitted to fail for lack of a trustee. African Methodist Episcopal Church, Allen Chapel v. Independent African Methodist Episcopal Church, 281 S.W.2d 758 (Tex.Civ.App., Amarillo 1955, writ ref'd n. r. e.); Methodist Episcopal Church v. Roach, 51 S.W.2d 1100 (Tex.Civ.App., Texarkana 1932, no writ); Powers v. First Nat. Bank of Corsicana, 138 Tex. 604, 161 S.W.2d 273, 278 (1942); Wooten v. Fitz-Gerald, 440 S.W. 2d 719 (Tex.Civ.App., El Paso 1969, writ ref'd n. r. e.).

Appellants' sixth and seventh points are overruled.

The judgment of the trial court is affirmed.