## 10236

### RODGERS v. RODGERS.

#### (99 S. E. 843.)

1. DEEDS—FRAUD.—Mere fact that a parent conveys a piece of property to a child is not enough to brand the conveyance as a fraud on the parent.

2. DEEDS—FRAUD.—Where a deed signed by grantor was first read to her, she cannot maintain that the grantee had fraudulently omitted to insert a certain provision therein.

Before PRINCE, J., Lee, Fall term, 1917.    Affirmed.

Action by Elsie Rodgers against D. W. Rodgers, in which F. P. Rodgers intervened as a defendant.    From a judgment for defendant, F. P. Rodgers, plaintiff, appeals.

*Messrs. Tatum & Jennings,* for respondent, cite: *As to notice beginning with the filing of the lis pendens, even though the complaint be not filed:* 19 S. C. 337; 67 S. C. 251; 71 S. C. 1. *As to respondent having notice of facts which would have put him on inquiry, and, therefore, should be held to know the facts which an investigation would have disclosed:* 91 S. C. 487.

*Messrs. R. W. McLendon* and *McLeod & Dennis,* for respondents, cite: *As to the filing of lis pendens before filing complaint having no effect as constructive note:* Code of Procedure 1912, section 182. *As to there being no fixed rule of law that a child, to whom a deed of conveyance has been made by a parent, must always show that there has been no fraud, but that it depends upon the facts of the particular case as to whether or not the burden shall be put on such a grantee:* 106 S. C. 470.

July 14, 1919.

The opinion of the Court was delivered by MR. JUSTICE FRASER.

"Some few years prior to 1906, Jas. P. Rodgers died intestate. He left a tract of land containing about 87 acres. His heirs were his widow, the plaintiff, and three sons and several daughters. Two of the sons were married, living apart from the family. The daughters and his youngest son, the defendant, D. W. Rodgers, were living with him, and after his death they continued to reside in the family homestead for several years and worked the land together. The plaintiff was an old woman, seventy-one years of age, and she stayed about the house doing some cooking and what work she could, and the son, D. W. Rodgers, and the daughters worked the land. They all worked in the field—cultivated and gathered the crop. In 1906 it appears that D. W. Rodgers determined to get the place in his own name." He took deeds from his brothers and sisters and a separate deed from his mother. The consideration stated in the deed was $1 and love and affection. D. W. Rodgers sold 20 acres to a negro, and the balance of the land to his codefendant, F. P. Rodgers, who is his uncle.

This action was brought to set aside the deed of Mrs. Elsie S. Rodgers to her son, D. W. Rodgers, on the ground of fraud. The fraud alleged was that D. W. Rodgers promised to, and did not, have incorporated in the deed of his mother a provision that the conveyance should become void if the grantee should fail to support his mother during her life. A suit was brought against D. W. Rodgers alone. F. P. Rodgers learned of the suit and intervened. Judge Prince heard the case and held that there was no fraud, and that, even if there was, F. P. Rodgers had no notice, actual or constructive, of the fraud.

As this Court sees it, there is really only one question in the case, because if there was no fraud, notice is immaterial.

There are two grounds of fraud set up: (a) Undue influence arising from the confidential relation of mother and son, who had charge of her business; and (b) the promise

to include, and the failure to include, the provision as to the support of his mother.

The record clearly shows that D. W. Rodgers did not talk to his mother about the conveyance, but relied upon his sister, Mrs. Martha Kennington, who was the principal witness for the plaintiff, to procure the deed.

The bare fact that a parent conveys a piece of property to a child is not enough to brand the conveyance as a fraud.

The second ground cannot be sustained. It is true that the sister, Mrs. Martha Kennington, who acted as the go-between, says that the distinct agreement was that such a provision was to have been incorporated in the deed, and that she was assured that the provision was in the deed when she induced her mother to sign it. The circumstances are against her. Several members of the family and two neighbors were present when the deed was executed. These two neighbors witnessed the deed. One of them is dead. The other testified at the hearing that the deed was read over to the plaintiff in his hearing and in the hearing of others. When this witness was first asked about the matter, he did not remember that the plaintiff was present when the deed was read, but his recollection was refreshed by his son, and he remembered at the time at which he testified that the plaintiff was present when the deed was read.

Fraud must be proved, and the plaintiff has failed to make out her case. It is not altogether clear that this case is the plaintiff's case. The record shows that if the plaintiff recovers in this action, the land will go to Mrs. Kennington, her daughter. The plaintiff wants it distinctly understood that she is not suing her son. The record shows that at the time of the trial the plaintiff was old, infirm, and of weak mind. There is no such showing as to the time of the execution of the deed, now alleged to be fraudulent. It would

unsettle conveyances if the grantor could, years afterwards, set them aside, because the deeds did not contain some defeasance that they now wish they had contained.

The judgment is affirmed.