Argued April 27; affirmed May 18, 1948

# THOMAS *v.* JOHNSON

193 P. (2d) 534

*Ira W. Carl,* of Portland, argued the cause and filed a brief for appellants.

No appearance for respondent.

Before ROSSMAN, Chief Justice, and BELT, KELLY, BAILEY and BRAND, Justices.

KELLY, J.

This is a suit to set aside a deed executed by plaintiffs on or about the 18th day of August, 1945, conveying to defendant the South 28½ feet of Lot 4, Block 11, Albina, now within the corporate limits of the city of Portland, Multnomah County, Oregon, subject to a life estate in plaintiff Nora E. Thomas.

The defendant was born on March 14, 1931. When she was three and a half years of age she came to live with plaintiff Nora E. Thomas, (who was then Nora E. Johnson) and L. E. Johnson, her husband.

In 1939, said plaintiff and her husband L. E. Johnson, adopted defendant, at which time defendant's name was changed from Barbara E. Bivens to Barbara E. Johnson. In 1940, Mr. Johnson died. On January 29, 1942, plaintiffs, Nora E. Thomas and Raymond E. Thomas, were married to each other.

The grounds, upon which plaintiffs base their purported right to have the deed in suit set aside and annulled, are alleged in paragraph V and VI of their complaint.

Paragraph V is as follows:

"V

That for sometime at and prior to the execution of said deed by plaintiff, Nora E. Thomas, the defendant, who was, and is far more matured mentally and physically than the average girl of her age, informed the plaintiff, Nora E. Thomas, that she would likely die any time as a result of her illness; that she had better deed said property to the defendant so that plaintiff, Raymond E. Thomas, could not get it; that she, the defendant, did not want the plaintiff's only natural child, a daughter, 'to have a damned thing'; and falsely represented that said natural daughter would not do anything for her; that defendant was taking care of, (meaning thereby nursing her and doing housework) and would take care of, the plaintiff, Nora E. Thomas, as long as she lived if she would deed said property to the defendant reserving only a life interest therein. That by reason of the foregoing, the plaintiff, Nora E. Thomas, was influenced and persuaded to execute said deed. That notwithstanding the consideration mentioned in said deed, no consideration was received by the plaintiffs or either of them for said deed."

The pertinent part of paragraph VI is as follows:

"VI

That said defendant had no intention, as has been discovered, of taking care of the plaintiff, Nora E. Thomas, during the remainder of her lifetime and did not, and has not done so; that while she was with the plaintiff, Nora E. Thomas, from and after the execution of said deed, the plaintiff, Raymond E. Thomas, took care of the plaintiff, Nora E. Thomas, the greater part of the time; that defendant was secretly planning all the time to leave the plaintiff, Nora E. Thomas, and did secretly leave and desert her. * * * "

The foregoing paragraphs V and VI were denied by defendant in her answer.

No good purpose can be served by reviewing the testimony.

The learned trial judge found for defendant and entered an order and decree dismissing plaintiffs' complaint.

 The trial court rendered a written opinion and we feel warranted in quoting some of its salient parts as follows:

"Plaintiff in her complaint takes the position that there was a confidential realtionship between her and her foster daughter, which was breached, and further that defendant failed to see that her mother had independent legal advice before entering into the transaction and plaintiff cites much authority in support of those two principles. A careful examination and reading of the authorities so cited all show that the grantees in the several transactions reviewed were the moving parties, and had some ulterior motive to serve. However the court reaches the conclusion that the defendant in this particular instance was not the moving party, she did nothing to induce her foster mother to execute the deed in question—other than to call up the notary public to come up and write out the deed which was done on her foster mother's instructions. She took no part in dictating its terms, neither did she request or demand that the deed should be executed, as stated she hadn't even the interest to see that the deed was recorded, her mother—being the moving party—was in no need of independent legal advice inasmuch as the notary only did what he was directed by her to do and therefore the court feels that under all the circumstances of the case the authorities cited are not in point; after carefully considering this whole matter the court reaches the conclusion that there was not any confidential or fiduciary relationship existing between the parties. The desire to convey was entirely that of the plaintiff, her husband admitted

that he was not interested in the transaction one way or another, defendant had no part in dictating the terms of the grant, nor of the life interest reserved to plaintiff in the property.

The mere fact that a parent conveys a piece of property to a child is not enough to brand the conveyance as a fraud on the parent. Rodgers vs. Rodgers 99 S. E. 843, 112 S. C. 263.

That the grantor has confidence in and trusts the grantee does not make independent advice a sine qua non to the validity of a deed. Rowe v. Freeman, 174 P. 727, 89 Or. 428.

The court had an excellent opportunity of studying the demeanor of the plaintiff and defendant as well as that of the other witnesses who testified. During the two visits made to the private hospital where plaintiff is now residing it was perfectly evident that the stroke or strokes which she had unfortunately suffered had affected her speech but not her mental faculties and she answered questions propounded by her attorney, and on cross-examination, without any hestitancy. It was perfectly evident to the court that while there had been a strong bond of friendship existing between her and her foster daughter in the past there had arisen a bitter feeling which had led up to the litigation in question. That she was weak in mind or would be easily influenced by others was certainly not evident during the two visits and her statements and answers were made with considerable strength of conviction behind them. The court reached the conclusion that she was highly emotional as was evidenced on several occasions by outbursts of crying but in spite of all this she followed the details of her questioning without difficulty, and gave her answers without hesitancy.

On the other hand defendant testified that the reason for her leaving plaintiff's home was because she,—plaintiff, had become too exacting in her demands, there was constant discord in the home, the plaintiff objected to the young male friends who

came to visit, and that plaintiff in one of her fits of anger had hit her over the head with a cane. That she at no time since her adoption had ever used or tried to use any undue influence in regard to having the deed made to her and paid no attention to it until her foster mother told her to ring up the notary to come up and execute the deed and that when it was being prepared she still evidenced no interest in it, that said deed was the free and voluntary act of her foster mother and that she did not cajole, entice, mislead, or bring any undue influence to bear in regard either to its execution or delivery; that it was drawn according to the express wishes of the plaintiff without any reservations other than that therein mentioned and that she, the defendant, did not at any time agree to look after and care for her foster mother as long as she lived as a part of the consideration of said grant.

Influence gained by kindness and affection will not be regarded as undue, if no imposition of fraud be practiced, but undue influence to avoid a deed must be such as to override the grantor's will. Stump vs. Sturm 254 Fed. 535.

As already stated by the court the plaintiff had a will of her own which neither the defendant nor any older person could override.

To constitute undue influence so as to render a deed invalid the mind of the grantor must be controlled or affected by persuasion or pressure, artful or fraudulent contrivances or by insidious influences of persons in close confidential relationship with grantor so that he is not left to act intelligently, understandingly, and voluntarily but subject to the will and purpose of another. Peacock vs. Wm. Bois 105 So. 321, 90 Fla. 162.

The mind of the grantor in this case was in the court's opinion controlled by no outside influence, neither was there any persuasion or pressure used in connection with this grant which was freely and voluntarily made to conform to the grantor's own

desire and not to the purposes or desires of another.

The purpose of close scrutiny of a transaction between parties occupying relations of trust and confidence is to ascertain facts and real intention, not to defeat the transaction, when free from fraud and imposition induced by relations of the parties. Grigsley vs. Bidwell 206 S. W. 739.

The court is firmly convinced from the testimony adduced that the true purpose and real intention behind this grant was to convey it to the defendant so that plaintiff's husband owing to his drinking propensities would acquire no interest in it, and that the natural daughter Louella who had not shown much concern in her mother's physical state of health would not have any claim to it. At the date of the grant the relationship between the plaintiff and defendant was pleasant but for various reasons they later drifted apart and later became separated, and the court is convinced that there was no agreement between them that the defendant should remain in constant attendance on her foster mother—a condition which could not latterly have been carried out in any event owing to plaintiff having to enter a sanitarium to procure the necessary medical attention and hospitalization which her unfortunate illness calls for.

The undue influence for which a deed may be voided must be such as effectually deprives the grantor of the exercise of his free will and coerces him to substitute another will for his own. Bressler vs. Ludwig, 248 U. S. 585.''

A careful consideration of the testimony leads us to the conclusion that the trial court did not err in entering the order dismissing plaintiffs' complaint.

The judgment and decree of the circuit court is affirmed.