JOHN MORSE v. WILLIAM MORSE.

[IN CHANCERY.]

*Injunction.　　Chancery.　　Sheriff's Sale.　　Title.　　Trover.*
*Execution.*

The sale of personal property, attached on the writ, vests the title in the vendee, though the plaintiff never recover judgment in the suit; and the officer is accountable only for the money which he holds in substitution for the property.

The defendant having had the benefit of the avails of the sale, by the referee to whom the suit was referred deducting the amount thereof in making up the report on which judgment was rendered, has no equitable right to pursue the plaintiff, or the vendee, for such property, though the plaintiff did not charge such property in execution within *thirty* days after final judgment.

The vendee, in a trover suit against him for such property, has a defense *at law*, there-
fore does not need the interference of chancery; but in this case, which is a chancery
proceeding by the plaintiff in the attachment suit against the defendant therein, pray-
ing to have him restrained from further proceeding with said trover suit, and from
commencing any other suits to recover the avails of said sale, the court granted the
injunction.

BILL IN CHANCERY.   The substantial averments of the bill are
stated in the opinion of the court.   The cause stood for hearing
on bill, answer, replication, and proof, at the March term, 1871,
when the court, Ross, Chancellor, *pro forma* dismissed the bill
with costs, from which decree the orator appealed.

*O. T. Brown*, for the orator.

*Henry Heyward*, for the defendant.

The opinion of the court was delivered by

REDFIELD, J.   This is a bill in equity for injunction to restrain
the defendant from prosecuting certain suits at law.

The substantial averments in the orator's supplemental bill are
these : That the orator attached the defendant's personal property
in an action of assumpsit; that such property was sold by the
sheriff, before judgment on the writ, under the statute, for the sum
of $342.19 ; that other suits were pending between the same par-
ties, and all were referred, under a rule of the court, to referees ;
that on the report of the referees, judgment was rendered in
favor of the orator, in the assumpsit suit, for the sum of $1349.99 ;
and that the sum of $342.19, for which the property sold, was de-
ducted by the referees in making up the report; and that final
judgment was rendered in favor of the orator for a sum less the
amount received on sale of such personal property ; and that the
defendant has instituted a suit, in trover, against the purchasers of
such personal property, to recover the value of the same, claiming
that the orator did not take out execution and charge such per-
sonal property on execution within thirty days after final judg-
ment.

The evidence is conflicting, but a majority of the court find the
fact proved that the $342.19 was deducted in making up the re-

port on which judgment was rendered, in the suit in assumpsit, in favor of the orator against the defendant. The defendant, therefore, having had the benefit of the avails of the sale of the personal property, has no equitable right to pursue the orator, or his vendee, for such property.

Although the defendants in these trover suits would seem to have a good defence at law, for the law has been settled in this state that the sale of personal property attached on the writ vests the title in the vendee, though the plaintiff never recover judgment in the suit, *Abbott* v. *Kimball et al.*, 19 Vt., R., 551; and the officer is accountable only for the *money*, which he holds in substitution for the property; yet the defendant might institute a suit for the *money*, and thereby vex and harass the orator; and by instituting these actions in trover, he has shown a disposition to do so. The court think it a proper case for the interposition of a court of equity by injunction.

The decree of the court of chancery is therefore reversed, and the cause remanded, with directions to enter a decree for the orator perpetually enjoining and restraining the defendant from further prosecuting the suit mentioned in the orator's bill, in his favor against Seth Meacham and H. W. Bedell, or any other action at law, or in equity, to recover the property, or payment for the same, or the avails of the sale thereof, sold on the writ as set forth in the orator's bill; and that the orator recover his costs.