THOMAS BROTHERS COMPANY, *Plaintiffs in Error*, v. PRICE & WATSON AND F. B. CARTER, *Defendants in Error*.

APPELLATE PRACTICE—ASSIGNMENTS OF ERROR HAVING NO BASIS IN THE RECORD WILL NOT BE CONSIDERED—EVIDENCE—APPELLATE REVIEW OF SUFFICIENCY OF EVIDENCE.

1. Assignments of error that have no basis of fact in the record will not be considered by an appellate court.

2. The admission of evidence without objection and without exception cannot be assigned as error.

3. Where the defendant requests his attorney to interview another third attorney and to find out from him what his fee would be to represent the defendant in a suit pending against him, and his attorney complies with such request and promptly reports to the defendant the result of such interview, and the defendant acquiesces therein and agrees to the employment of such third attorney at the fee named in such interview, it is not error, in a suit by such third attorney against such defendant for recovery of such fee, to permit said two attorneys to testify to the result of the said interview between them.

4. Where a motion for new trial is filed in a cause, but the transcript of record on writ of error does not affirmatively show that such motion was acted upon by the trial court, the appellate court cannot consider an assignment of error based upon the assertion that the verdict was against the weight of the evidence, and was not supported by the evidence, since such an assault upon a verdict must primarily be made in a motion for new trial, and the trial court must have primarily passed thereon.

This case was decided by Division B.

Appeal from the Circuit Court for Jackson County.

The facts in the case are stated in the opinion of the court.

*J. M. Calhoun,* for plaintiffs in error;

*Price & Watson* and *Francis B. Carter in pro per.*

TAYLOR, J.—The defendants in error as plaintiffs below sued the plaintiffs in error as defendants below in the circuit court of Jackson county in assumpsit on a special contract of employment of the plaintiffs' services as attorneys at law in and about the defense of a suit instituted against them. The trial resulted in a verdict and judgment for the plaintiffs below and for review of this judgment the defendants below bring the case here by writ of error.

The first assignment of error alleges that the court below erred in striking out the defendants' plea to plaintiffs' declaration. We find no such action by the court in the record, and this assignment, therefore, falls to the ground for want of anything to sustain it.

The second, third and fourth assignments of error complain of the overruling of the defendants' demurrer to various counts in the plaintiffs' declaration. There is no merit in these assignments. The declaration sufficiently alleged the facts that said demurrers criticised it for not alleging.

The fifth, sixth and seventh assignments of error complain of the court's requiring the defendants to plead instanter, and in refusing to allow defendants a reasonable time within which to plead to plaintiffs' amended

declaration. The record before us does not bear out the assertions of these assignments. There is nothing in the record showing that the defendants were required to plead instanter—but on the contrary the record shows that ample time was afforded the defendants for pleading.

The eighth assignment of error asserts error in the admission by the court of a letter in evidence offered by the plaintiffs. The record before us shows only one letter to have been offered or received in evidence, and to its introduction in evidence no objection was made by the defendants, and no exception was taken to the ruling of the court admitting it. This assignment, therefore, has no merit.

The ninth and tenth assignments of error complain of the court's permitting the plaintiffs Watson and Carter to testify as to a conversation had between them while the defendants were not present. It appeared from the evidence that the defendants first employed the law firm of Price & Watson to represent their defense in a suit instituted against them, and that one of the defendant firm afterwards desired to also employ the plaintiff F. B. Carter and instructed Watson to interview Carter and find out at what fee his services could be secured. Watson followed his instructions, and in the interview that resulted it was agreed that the three attorneys, Price & Watson and F. B. Carter would jointly undertake the defense of the suit for the defendants for a joint fee of $550, and Watson at once communicated the result of the interview with Carter to the defendants and they agreed to pay the fee named. The witnesses Watson and Carter were permitted to testify to the result merely of this interview between them as to the fee to be charged, and this is the evidence the admission of which forms the basis of these two assignments. There was

no error in the admission of this evidence. The defend-
ants had authorized Watson as their agent to find out
from Carter what his charges would be, and the testi-
mony objected to, merely rehearsed the fact that he did
so find out and reported the result to defendants who
agreed to that result.

The eleventh assignment of error complains of the
alleged refusal of the court to continue the case from
the 4th to the 6th of July. There is no basis for this
assignment in the record here. The record does not
show that any application was either made or refused
to continue the case for two days. A general applica-
tion for continuance was orally made, but was not sup-
ported by any affidavit, and the court did not err in its
refusal.

The twelfth assignment of error complains of the
refusal of the court to give an affirmative charge re-
quested by the defendants instructing the jury to find
for the defendants, and the thirteenth assignment of
error complains of the giving by the court of an affirma-
tive charge directing the jury to find in favor of the
plaintiffs. There was no error in either of these rulings.
The plaintiffs made out their case fully and there was
nothing to contradict it, and the trial could not properly
have resulted otherwise than it did in the light of the
pleadings and evidence.

The fourteenth and fifteenth assignments of error com-
plain that the verdict is against the weight of the evi-
dence, and is not supported by the evidence. These two
assignments we cannot consider since they involve a
subject proper to be dealt with by a motion for new
trial. Such a motion appears to have been filed in the
case, but the record before us does not show that such
motion was ever acted upon by the court below, we

cannot, therefore, consider such motion or any of its grounds.

The sixteenth assignment of error asserts that the evidence fails to correspond to the allegations of the plaintiffs' declaration. We fail to discover any variance between the *allegata et probata.*

The seventeenth and last assignment of error complains of the asserted ruling of the trial court in permitting plaintiffs to read in evidence the declaration in the case of Alford Brothers against defendants. There is no basis for this assignment in the record before us. From that record it does not appear that any such paper was offered, or admitted in evidence, or that any such ruling was excepted to.

Finding no error the judgment of the court below in said cause is hereby affirmed at the cost of the plaintiffs in error.

HOCKER and PARKHILL, JJ., concur;

WHITFIELD, C. J., and SHACKLEFORD and COCKRELL, JJ., concur in the opinion.