W. M. HANCOCK AND F. F. BARDIN, PARTNERS DOING BUSINESS AS HANCOCK & BARDIN, *Plaintiffs in Error*, v. STATE EXCHANGE BANK, A CORPORATION, *Defendant in Error*.

Opinion filed Nov. 2, 1915.

1. A plea by one sued on a note as a member of a partnership, merely denying that he made or authorized the making of the note, is bad as not responsive to the issue.

2. Errors assigned upon supposed charges not presented by the record will not be considered.

3. A judgment upon a declaration against H. & B. composing a partnership, awarding recovery from "the defendant, the said H. & B." is defective.

Writ of Error to Circuit Court, Columbia County; M. F. Horne, Judge.

Reversed for proper entry of judgment.

*Cone & Chapman,* for Plaintiffs in Error;

*R. T. Boozer,* for Defendant in Error.

COCKRELL, J.—This is an action upon promissory notes given the bank by a partnership composed of Hancock & Bardin.

Bardin interposed no defense, while Hancock files three pleas in which he denied that he made the notes, or authorized any one to do so for him. Demurrers to these pleas were properly sustained. The declaration sought to bind Hancock as a member of a partnership, the makers of the notes, and the material question of the partnership was submitted to the jury upon other pleas. The pleas found deficient, denied neither the partnership nor the making of the notes by the partnership.

We can not consider the assignment based upon the supposed charge of the court. It is not presented to us in a bill of exceptions, nor in the statutory substitute therefor.

The verdict is sufficiently intelligible in settling the issues submitted, finding for the plaintiff, and assessing its damages finds that the partnership existed and that the notes were the notes of the partnership.

The judgment, however, is defective. It does not follow the declaration, but awards recovery from "the defendant, the said Hancock & Bardin." The use of the singular "defendant," leaves doubt as to whether the individuals composing the partnership are meant, or the partnership treated as a distinct entity. This confusion and departure causes us to send the cause back for the entry of a proper judgment. See Baker & Holmes Co. v. Indian River State Bank, 61 Fla. 106, 55 South. Rep. 836.

Reversed for proper judgment.

TAYLOR, C. J., and SHACKLEFORD, WHITFIELD and ELLIS, JJ., concur.