GEORGE L. PEACOCK, *Appellant*, v. KENNETH H. DUBOIS, GRACE DUBOIS WHITCOMB, AND LEROY WHITCOMB, HER HUSBAND, *Appellees*.

En Banc.

Opinion Filed July 20, 1925.

1. The sufficiency of a bill of complaint must be tested by demurrer or other appropriate pleading in the lower court, and cannot ordinarily be raised for the first in the appellate Court.

2. In equity as in law every presumption is in favor of the correctness of the ruling of the trial Court and a decree based largely or solely on questions of facts will not be disturbed unless clearly erroneous.

3. Fraud and undue influence are not strictly speaking synonymous though undue influence has been classified as either a species of fraud or a kind of duress and in either instance is treated as fraud in general.

4. To constitute "undue influence," the mind must be so controlled or affected by persuasion or pressure, artful or fraudulent contrivances, or by insiduous influences of persons in close confidential relations with him, that he is not left to act intelligently, understandingly, and voluntarily, but subject to the will or purpose of another.

5. Undue influence justifying the setting aside of a will, deed, or other contract must be such as to dethrone the free agency of the person making it and rendering his act the product of the will of another instead of his own. The character of the transaction, the mental condition of the person whose act is in question, and the relationship of the parties concerned to each other are all elements that may be taken in consideration in applying the rule.

6. Where a woman in her late fifties deeds practically all the property she has for a nominal consideration to a man in his late twenties who is almost a stranger to her, and who has

no claims whatever on her bounty, thereby disinheriting her own children, and there being questionable circumstances connected with the transaction, the duty is imposed on the grantee to show that the deed was bona fide, and not secured by fraud or undue influence.

7. Under the common law a gift *causa mortis* was restricted to personal property, and in the nature of things could not extend to real estate. The common law has not been extended in this State.

An Appeal from the Circuit Court for Broward County; C. E. Chillingworth, Judge.

Judgment affirmed.

*Bart A. Riley* and *Fred W. Pine,* for Appellant;

*C. L. Chancey, C. E. Farrington,* and *Maxwell Baxter,* for Appellees.

TERRELL, J.—Some time in 1921 Anna DuBois Robie, aged 57, moved from Albany, New York, to Fort Lauderdale, Florida, where she purchased certain real estate on which she resided as her home. She left surviving her in the State of New York one son, Kenneth H. DuBois, and one daughter, Grace DuBois Whitcomb, all of whom are appellees here.

Anna DuBois Robie died intestate in a hospital at Miami September 13, 1922. On May 31, George L. Peacock, aged 28, appellant in this case took board and lodging with Mrs. Robie and remained in her home up to the time of her death. It appears that Peacock was very attentive to Mrs. Robie these three months or more he roomed and boarded with her and about four weeks prior to her death she executed a deed to him covering her home place, the same being lots 5 and 6 of block 6 of Rio Vista subdivision as the same ap-

pears of record in the public records of Broward County, Florida. She also made him a bill of sale to her automobile.

This suit was brought by appellees in the court below to cancel and set aside the deed from Mrs. Robie to Peacok on the ground of fraud and undue influence. Issue was made on the answer and cross-bill to the amended bill of complaint. Testimony was taken by a special master and on final hearing the chancellor entered his decree in favor of appellees. Appeal is taken from this decree.

Counsel for appellant devote considerable space in their brief discussing the sufficiency of the allegation of the amended bill of complaint to support fraud and undue influence on the part of appellant. The sufficiency of the amended bill was not tested by demurrer or other appropriate pleading in the court below, so the question cannot be considered at this time. Thomas Brothers Company v. Price, 56 Fla. 854, 48 So. 262; Vaughan's Seed Store v. Stringfellow, 56 Fla. 708, 48 So. 410; Hancock v. State Exchange Bank, 70 Fla. 243, 70 So. 211; Hartford Fire Ins. Co. v. Brown, 60 Fla. 83, 53 So. 838.

It is conceded by all counsel engaged in this case that the sole question presented for review here is the sufficiency of the testimony to sustain the decree of the chancellor: This court has repeatedly held that in equity as in law every presumption is in favor of the correctness of the ruling of the trial court and a decree based largely or solely on questions of fact will not be disturbed unless clearly erroneous. Viser v. Willard, 60 Fla. 395, 53 So. 501; Powell v. Powell, 77 Fla. 181, 81 So. 105; Whidden v. Rogers, 78 Fla. 93, 82 So. 611; Sandlin v. Hunter Company, 70 Fla. 514, 70 So. 553.

Does the testimony show fraud and undue influence? Fraud and undue influence are not strictly speaking synonymous, though undue influence has been classified as either a species of fraud or a kind of duress and in either

instance is treated as fraud in general. Heath v. Capital Savings Bank and Trust Co., 79 Vt. 301, 64 Atl. 1127; Cooper v. Harlow, 163 Mich. 210, 128 N. W. 259; Grove v. Spixer, 72 Md. 300, 20 Atl. 144; Frust v. Green, 86 Md. 494, 39 Atl. 863, 866.

In Howard v. Farr, 115 Minn. 86, 131 N. W. 1071, the court said: To constitute "undue influence," the mind must be so controlled or affected by persuasion or pressure, artful or fraudulent contrivances, or by the insidious influences of persons in close confidential relations with him, that he is not left to act intelligently, understandingly, and voluntarily, but subject to the will or purpose of another.

In Myatt v. Myatt, 149 N. C. 137, 62 S. E. 887, the court said that: To constitute "undue influence," it is unnecessary that moral turpitude or improper motive should exist, and if one, from the best of motives, having obtained a dominant influence over a grantor's mind, induces him to execute a deed or other instrument materially affecting his rights, which he would not have otherwise executed, so exercising the influence obtained that the grantor's will is effaced or supplanted, the instrument is fraudulent.

In Prescott v. Johnson, 91 Minn. 273, 97 N. W. 891, the court held that: "Undue influence," which will invalidate a gift, "must be something which destroys the free agency of the donor, and substitutes therefor the will of another. What constitutes such undue influence cannot be precisely defined, and each case must be determined upon the consideration of its special facts. The means employed and extent of the influence are immaterial, if their effect be to destroy the free agency of the donor. The ultimate facts of undue influence may, and in many cases can only be established by circumstantial evidence."

The rule seems to be well settled that undue influence justifying the setting aside of the will, deed, or other con-

.tract must be such as to dethrone the free agency of the person making it and rendering his act the product of the will of another instead of his own. The character of the transaction, the mental condition of the person whose act is in question, and the relationship of the parties concerned to each other are all elements that may be taken in consideration in applying the rule. Johnson v. Farrell, 215 Ill. 542, 74 N. E. 760; Allday v. Cage (Tex.), 148 S. W. 838; Council v. Mayhew, 172 Ala. 295, 55 So. 314; Mullen v. Johnson, 157 Ala. 262, 47 So. 584; Bust v. Moxom, 157 Mo. App. 342, 138 S. W. 74; Burnett v. Smith, 93 Miss. 566, 47 So. 117; Dingman v. Romine, 141 Mo. 466, 42 S. W. 1087; Franalin v. Belt, 130 Ga. 37, 60 S. E. 146; Francis v. Wilkinson, 147 Ill. 370, 35 N. E. 150; Wilcox v. Wilcox, 165 Ill. 454, 46 N. E. 369; Marx v. McGlynn, 88 N. Y. 357, 370; DuBois v. Kell, 90 S. C. 196, 71 S. E. 371; Woodville v. Woodville, 63 W. Va. 286, 60 S. E. 140, 144.

In appeal of Worrall, 110 Pa. 349, 1 Atl. 380, 385, it was held that where a conveyance was made by a weak and sickly young man to a woman older than himself, and who had been to him as a mother, a presumption arose that such conveyance was obtained by undue influence.

In the case at bar a woman in her late fifties, physically infirm, knowing that she was soon to undergo an operation which might and in fact did prove fatal, conveyed her home and other property valued at approximately $15,000 to a young man in his late twenties. The record discloses that the money represented by this property had been recently inherited from an uncle, and that the woman was a novice in business, could be readily influenced and easily became the dupe and tool of anyone with whom she came in contact. She had no sense of moral values, was greatly lacking in knowledge and business experience, and while it is not conclusively shown that she was a woman of enfeebled men-

tality in the common acceptance of that term, it is shown that she was possessed of a mind unbalanced, that she knew no distinctions among men or women and as easily became the victim of the good or honest as she did the bad or the dishonest.

* The property involved in this litigation is virtually all that Mrs. Robie owned, and it is repulsive to every rule of law and right and love and justice to argue that she would uninfluenced deed this property for a nominal consideration to a young man who was a stranger to her, that she had known hardly two months, and who it is not shown had any claims whatever on her bounty, thereby disinheriting the children she had mothered and to whom she was bound by all the ties of love and affection. The fact of the execution of the deed on the showing made by the record, we think, imposes on the appellant the duty of showing that the transaction was bona fide and that it was not secured by undue influence. The testimony is entirely inadequate to show this. Worrell's Appeal, 110 Pa. 349, 1 Atl. 380, and note 386.

Under the common law a gift causa mortis was restricted to personal property and in the nature of things could not extend to real estate. Bradley et ux. v. Hunt, 23 Am. Dec. 597, note 600; Basket v. Hassell, 107 W. S. 602; Caylor v. Caylor, 22 Ind. App. 666, 52 N. E. 465; Johnson v. Colly, 101 Va. 414, 44 S. E. 721, 99 A. S. R. 884 and note; 12 R. C. L. 964. The common law has not been extended in this State. Under the view as here expressed a discussion of the prerequisites of a gift *causa mortis* could not serve a useful purpose.

For reasons announced in this opinion the decree of the Chancellor was properly entered and is affirmed.

WEST, C. J., AND WHITFIELD, ELLIS, STRUM AND BROWN, J. J., concur.