CARROLL, CHAS., Chief Judge.
The appellant Inez L. Snyder, who was the defendant below, has appealed from a decree of the circuit court in Dade County setting aside a deed by which one George W. Limbeck had conveyed his home to her some three weeks prior to his death. Lim-beck was a widower 88 years of age,'and for a number of years the appellant, his sister-in-law, had acted as his housekeeper. Earlier in the day on which he signed the deed, Limbeck had suffered a stroke which partially paralyzed him, and the effects of which remained with him until his death.
George G. Limbeck, a son and sole heir and administrator of the deceased grantor, filed the equity suit to cancel the deed, suing individually and in his capacity as administrator, alleging the grantor’s ill and weakened physical .and mental condition, and charging fraud and undue influence. The chancellor tried the suit, and citing Peacock v. Du Bois, 90 Fla. 162, 105 So. 321, as authority the chancellor set aside the deed, upon resolving the conflicts in the evidence and finding, under the applicable law, that the conveyance was made “for an inadequate consideration and at a time when the decedent, George W. Limbeck, was in such a mentally weak condition that the defendant, Inez L. Snyder, took advantage of the situation of said weakness and in *784 adequacy of consideration and furnishes this Court with sufficient grounds to set aside said warranty deed.”
Our examination of the record, on taking into consideration the discussion and analysis' of the facts as well as the principles of law ably advanced by counsel for the parties, leads us to the conclusion that there was adequate evidence to support the result reached by the able chancellor, and that no showing has been made on which we should interfere with the findings of fact or conclusions of the chancellor; and there appears no purpose or need to unduly lengthen this opinion by outlining and rediscussing the detailed facts which were before the court, disclosed by the voluminous evidence.
Accordingly, the decree appealed from should be, and hereby is affirmed.
Affirmed.
HORTON, J., and STURGIS, WALLACE E., Associate Judge, concur.