HORTON, Chief Judge.
The appellant, Adeline Bartsch, plaintiff below, sought to enforce a trust agreement made by Anton Wirth with the Little River Bank and Trust Company as trustee, and herself as beneficiary. The agreement provided that upon the death of Anton Wirth, the trust should be terminated and the assets distributed to appellant. After the institution of this action, Adalbert Wirth, appellee, and nephew of Anton Wirth, was permitted to intervene, and by answer and cross claim, sought to have the trust agreement declared null and void because of alleged undue influence practiced upon Anton Wirth by the appellant. The Little *19 River Bank and Trust Company deposited the assets of the trust with the court and was discharged from further liability.
Upon the trial of the main issue raised by the cross .claim, the chancellor found that the execution of the trust agreement was, in truth and in fact, a part of an over-all scheme by the appellant to systematically obtain all of decedent’s assets, and that at the time of the execution of the trust agreement, she had obtained substantially all of the stocks owned by the decedent. The court further found that the motives of the appellant were basically selfish and that due to the confidential and fiduciary relationship existing between the deceased and appellant, the burden of proof shifted to the appellant to show that the gifts received from the deceased were free of undue influence and were the result of the exercise of decedent’s free will; that the appellant had failed to discharge this burden and accordingly, the trust agreement was declared null and void.
The chancellor who tried this cause made a very complete and comprehensive analysis of the facts and issues before him as exemplified by the lengthy decree which he entered. This decree was the result of the chancellor’s consideration of voluminous testimony and numerous exhibits.
Able counsel for appellant has urged some eight reasons why they feel the decree in this cause should be reversed. They support their position with recognized authorities, both in Florida and elsewhere, premised, however, upon the asumption that the chancellor erroneously concluded that the trust agreement was the result of undue influence practiced upon the decedent by appellant who occupied a confidential and fiduciary position. In short, the burden of their argument is that the chancellor’s decree is not supported by competent, substantial evidence, and that he has misinterpreted the weight and legal effect of the evidence. It would serve no purpose other than to unduly lengthen this opinion to outline and discuss the facts which were before the chancellor and which led him to the conclusion he reached. Suffice it to say that our examination of this record, as well as the principles of law so ably advanced by both counsel, lead us to the conclusion that there was adequate evidence to support the chan-celor’s findings, and that he did not misapply applicable principles of law or misinterpret the legal effect of the evidence. See In re Ates’ Estate, Fla.1952, 60 So.2d 275; In re Krieger’s Estate, Fla.1956, 88 So.2d 497; Snyder v. Limbeck, Fla.App. 1959, 108 So.2d 783.
Accordingly, the decree appealed from should be and it is hereby affirmed.
Affirmed.
PEARSON and CARROLL, CHAS., JJ-, concur.