246 So.2d 612 (1971)
In re ESTATE of Ann V. DALTON, Deceased.
No. 69-1019.
District Court of Appeal of Florida, Third District.
March 9, 1971.
Rehearing Denied April 30, 1971.
*613 Watson & Watson, Horton & Schwartz, Ralph & Anderson, Sams, Anderson, Alper & Spencer, Miami, Roy L. Struble, Miami Beach, for appellants.
Dixon, Bradford, Williams, McKay & Kimbrell, Sam Daniels, Lane, French, Primm, Lane & Carrier, Podhurst & Orseck, Miami, and John J. Hunt, N. Miami, for appellees.
Before PEARSON, C.J., and HENDRY and SWANN, JJ.
PER CURIAM.
This appeal is from a final order that denied various petitions for revocation of probate filed by several nieces and nephews of Ann V. Dalton, deceased. A final evidentiary hearing was held before the rendition of the final order. This cause was here before on different questions. See In Re Estate of Dalton, Fla.App. 1968, 206 So.2d 264.

STANDING
The "standing" of appellants to take the residuary portion of the estate of Ann Dalton as "heirs at law" under an intestate estate has been raised in this appeal. Appellants can receive the residuary portion of this estate only if the residuary bequest in the codicil of Ann Dalton is invalid or fails. In that event the residuary estate would pass as if Ann Dalton had died intestate and appellants would then be entitled to take as "heirs at law". The appellants contend the residuary bequest in the codicil may be void if procured by the undue influence of William A. Lane, Sr., and that the remainder of the codicil not procured by undue influence may still be valid. See § 731.08, Fla. Stat., F.S.A.
If we examine this point we need to consider only the clause of the codicil which bequeaths the residuary estate to determine if appellants are entitled to take as "heirs at law" of Ann Dalton under the laws of intestacy if the residuary bequest in the codicil is invalid or fails. Cf. Hopkins v. McClure, Fla. 1950, 45 So.2d 656. It is our opinion that a determination of this appeal on the merits is the better solution to this problem. Accordingly, we do not reach the issue of "standing" but observe that there may have been no showing that the residuary estate bequeathed by the codicil of Ann Dalton could pass to these nieces and nephews [appellants] under the laws of intestacy as there was no showing that the residuary estate could or would fail to pass under and in accordance with the terms of the codicil. Cf. Liles Package Store, Inc. v. Walgreen Co., Fla.App. 1970, 239 So.2d 271; Wellman v. Carter, 286 Mass. 237, 190 N.E. 493 (1934); In Re Carothers' Estate, 300 Pa. 185, 150 A. 585 (1930); 3 Page, Wills § 26.52 and 57 Am. Jur. Wills § 994.

JURISDICTION
At the threshold of this appeal, we are presented with a question which the appellants say is jurisdictional. The point is presented by appellants as their last point on appeal and is as follows:
"Whether the court erred in denying, on procedural grounds and without trial, the opponents' petition to dismiss the cause as an original proceeding for lack of jurisdiction over the subject matter."
A brief statement of the probate history of this estate is, we think, pertinent here. *614 Ann V. Dalton died on Jan. 12, 1963 in Miami, Florida. Her co-executors invoked the jurisdiction of the County Judges Court in and for Dade County, Florida by filing a petition for probate of will and alleged that at the time of her death she was domiciled in Dade County, Florida. On February 18, 1963, the will and codicil were admitted to probate. When these appellants filed their petitions to revoke in 1966 and 1967 they did not suggest that there was any question as to Mrs. Dalton's residence. They affirmatively alleged the court's jurisdiction by declaring that the court should exercise its jurisdiction to hold the will and codicil invalid for want of testamentary capacity and undue influence.
For over three years, these parties litigated in the trial court and in this court and then on May 29, 1969, four days before trial on the merits was to begin appellants filed a "petition for dismissal of proceedings and/or revocation of probate or for order that proceedings herein shall proceed as ancillary administration of the estate." The prayer of the petition was in the alternative. The court was asked to either dismiss the proceeding or "determine that the proceeding shall continue only as an ancillary administration. The trial court ruled that because the appellants had not raised the issue at the time of appearance and had submitted themselves to the jurisdiction of the court by their petitions for affirmative relief, the petition to contest the domicile of the deceased would be denied.
We do not question the general rule that jurisdiction of the subject matter may ordinarily be raised at any stage of a proceeding. See Bohlinger v. Higginbotham, Fla. 1954, 70 So.2d 911; and 8 Fla.Jur. Courts § 117. We find, however, that this rule has been limited in cases where the attack on jurisdiction is not upon the power of the court to adjudicate the class of cases to which the particular case belongs. See Wells v. Menn, 154 Fla. 173, 17 So.2d 217 (1944). Where, as in the present case, the appellants have prayed for special relief; participated in the litigation regarding that relief for a number of years, and accepted the benefits of appellate court rulings, the appellants may be held upon an application of equitable principles,[1] to have waived the right to challenge the fact of domicile as distinguished from the general power of the court to adjudicate the class of cases to which the subject matter of the case belongs. Cf. In Re Estate of Rougeron, 17 N.Y.2d 264, 270 N.Y.S.2d 578, 217 N.E.2d 639 (1966). We so hold.

MERITS
Going to the merits the appellants argue that the residuary bequest in the codicil of Ann Dalton was invalid because of the undue influence of William A. Lane, Sr. They assert this was established by a presumption of law which was not rebutted. The County Judge found there was no presumption of undue influence here as a matter of law and that even if such presumption were to exist it had been fully overcome by clear and convincing credible evidence.
We note there was an admission below of a confidential relationship as required by law, between Ann Dalton and William A. Lane, Sr., hereinafter called Lane, Sr.
The question of the operative effect of a presumption of law in establishing undue influence where a confidential relationship and active participation in procurement exists and where the formal execution and attestation of a will have been established has been thoroughly and completely discussed by Judge Owen in In Re Estate of Carpenter, Fla.App. 1970, 239 So.2d 506.
The record on appeal shows that Ann Dalton was a strong willed woman, who admittedly had testamentary capacity; that she was fully informed as to the changes *615 which would be made in her prior will by the bequest of the residuary estate in her codicil; that she went over the codicil paragraph by paragraph; that an attorney called her attention to the fact that she was making a major change between the bequest of her residuary estate in the prior will and the bequest in the codicil in that a substantial portion of her estate would not go to her niece; that she said she "wanted to give her residuary estate to the trustees instead of Fran Cummings, and that is the way she wanted it" and that she had already given her niece, Fran Cummings, substantial gifts of money or stock. In Peacock v. DuBois, 90 Fla. 162, 105 So. 321 (1925), the Supreme Court said:
* * * * * *
"The rule seems to be well settled that undue influence justifying the setting aside of will, deed, or other contract must be such as to dethrone the free agency of the person making it and rendering his act the product of the will of another instead of his own."
* * * * * *
See also 1 Redfearn, Wills and Administration in Florida § 5.02 (4th ed. 1968).
On appeal, we will not disturb an order of the county judge in a will contest if there is substantial, competent evidence to sustain the court's findings, unless the court misinterpreted the legal effect of the evidence. In re Estate of Perez, Fla.App. 1968, 206 So.2d 58.
We find substantial competent evidence in this record to sustain the finding of the trial judge that there was no presumption of undue influence here, as a matter of law, and that even if such presumption existed it had been overcome by clear and convincing credible evidence. See In Re Estate of Carpenter, supra.
Appellants claim error was made in the denial of their motions for the production of approximately 75 legal files in the possession of William A. Lane, Jr. These files allegedly concerned the affairs of the deceased between 1955 and her death in 1963. The motions for production of these 75 legal files did not sufficiently allege or show that they were "relevant" to the issue of undue influence. See Seaboard Air Line R. Co. v. Timmons, Fla. 1952, 61 So.2d 426; and Fryd Construction Corporation v. Freeman, Fla.App. 1966, 191 So.2d 487. Matters of discovery rest in the sound discretion of the trial court and such discretion will not lightly be disturbed by an appellate court. Orlowitz v. Orlowitz, Fla. 1967, 199 So.2d 97; Charles Sales Corp. v. Rovenger, Fla. 1956, 88 So.2d 551; Certain Underwriters, Etc. v. Hawthorne Flying Serv., Fla. 1953, 63 So.2d 308; Kennedy and Cohen, Inc. v. Allen Appliance Service, Inc., Fla.App. 1968, 214 So.2d 488; and Girten v. Bouvier, Fla.App. 1963, 155 So.2d 745.
We find no abuse of discretion by the trial judge in the denial of the motions to produce.
Error is claimed by the exclusion from evidence of testimony of an expert witness to the effect that two powers of attorney given by the deceased to Lane, Sr., and used by him to borrow money to pay a gift tax owed by her were not signed by her allegedly but were forgeries.
The trial judge found that the testimony of the expert witness, Dr. Ruenes, would not change any of his findings of fact even if it had been admitted and considered by him.
It is conceded that there was no evidence that Lane, Sr. procured the signatures; signed the powers; participated in any way in obtaining them; or that he had any idea that Ann Dalton had not signed them. Appellants say that expert opinion testimony as to whether the signatures on the powers of attorney were forgeries was directly relevant to the issue of undue influence and that an inference of undue influence on the part of Lane, Sr. could be drawn from such evidence.
We hold that evidence of this type is too remote to be material to the issue of undue *616 influence, if any, by Lane, Sr., on Ann Dalton in the execution or preparation of the codicil and that such evidence would be tantamount to piling an inference upon an inference which is not permissible. Voelker v. Combined Ins. Co. of America, Fla. 1954, 73 So.2d 403; and Commercial Credit Corporation v. Varn, Fla.App. 1959, 108 So.2d 638. At most, the rejection of the proffered expert witness testimony would be harmless error. § 59.041, Fla. Stat., F.S.A.
For these reasons the order denying the petitions for revocation of probate is
Affirmed.
NOTES
[1] See In Re Minder's Estate, 128 Mont. 1, 270 P.2d 404 (1954); In Re Paull's Estate, 208 Okla. 195, 254 P.2d 357 (1953); and 95 C.J.S. Wills § 308(a).