SCHWARTZ, Judge
(dissenting).
I acknowledge both the force of the reasoning contained in Judge Baskin’s excellent opinion, and the fact that my conclusion is directly contrary to Stoddard v. State, 388 So.2d 11 (Fla. 2d DCA 1980). I would nevertheless hold that, inasmuch as the trial court acted within the time period provided by Fla.R.Crim.P. 3.800(b), it did not totally lack subject matter jurisdiction over Sweeting’s own motion to mitigate and that the defendant is consequently estopped to claim that there was any other so-called “jurisdictional” error in granting that motion. See, King v. State, 373 So.2d 78 (Fla. 3d DCA 1979), cert. denied, 383 So.2d 1197 (Fla.1980); Smith v. State, 345 So.2d 1080 (Fla. 3d DCA 1977), cert. denied, 353 So.2d 678 (Fla.1977); North Miami General Hospital, Inc. v. Kovens, 318 So.2d 567 (Fla. 3d DCA 1975), cert. denied, 330 So.2d 19 (Fla.1976); In re Estate of Dalton, 246 So.2d 612 (Fla. 3d DCA 1971), cert. denied, 252 So.2d 800 (Fla.1971); Shurden v. Thomas, 134 So.2d 876 (Fla. 1st DCA 1961); see generally, State v. Belien, 379 So.2d 446 (Fla. 3d DCA 1980); Oliver v. State, 379 So.2d 143 (Fla. 3d DCA 1980); Buckbee v. State, 378 So.2d 39 (Fla. 3d DCA 1979) (Schwartz, J., dissenting).