WALLACE, Judge.
GEICO General Insurance Company (GEICO) challenges the trial court’s rulings on its various posttrial motions filed after Lorraine Hoy obtained a favorable verdict on her claim against GEICO for fraud in the inducement. On her cross-appeal, Mrs. Hoy challenges the trial court’s denial of her motion to amend her complaint to add a claim for punitive damages. Because Mrs. Hoy failed to prove that she sustained any damages in reliance on GEICO’s alleged false representations, we reverse on the direct appeal. On Mrs. Hoy’s cross-appeal, we affirm.
I. THE FACTS
On May 20, 2000, Mrs. Hoy was involved in an automobile accident with Jonathan Lipovsky, an uninsured motorist. Ms. Hoy sustained serious injuries in the accident. She was treated at Lee Memorial Hospital (the Hospital) and underwent multiple surgeries. Upon her discharge from the Hospital, Mrs. Hoy owed the Hospital $39,039.75 for her care and treatment.
On June 5, 2000, the Hospital filed a claim of lien for the balance due it in the public records of Lee County, Florida. The Hospital filed its claim of lien in accor *649 dance with Lee County’s hospital lien act.[1] The filing of the Hospital’s claim of lien gave the Hospital a lien on any insurance proceeds to which Mrs. Hoy might be entitled as a result of the accident. Stated simply, the Hospital was entitled to be paid in full before Mrs. Hoy received a dime. Uncontradicted evidence presented at trial established that the Hospital had a policy of aggressively enforcing its statutory lien rights.
When the accident occurred, Mrs. Hoy and her husband had their automobile insurance with GEICO. The benefits under the policy included $10,000 in Personal Injury Protection (PIP) benefits. Mrs. Hoy also had uninsured/underinsured motorist (UM) coverage of $10,000 per person and $20,000 per occurrence. The UM coverage was nonstacking. GEICO promptly paid the $10,000 in PIP benefits to the Hospital. This payment left a balance due on the Hospital’s lien of $29,089.75.
On May 22, 2000, GEICO determined that it would tender the available $10,000 in UM benefits to Mrs. Hoy. On June 5, 2000, Joanne Campbell, a GEICO field adjuster, met with Mr. and Mrs. Hoy at the Hoy residence. Mrs. Campbell delivered a check to Mr. and Mrs. Hoy for $10,000. The check was made payable jointly to Mrs. Hoy, to her husband, and to the Hospital. In exchange for the check, Mr. and Mrs. Hoy signed a release for the $10,000 in UM benefits in favor of GEICO.
Of course, Mr. and Mrs. Hoy were unable to cash or to deposit the check for the UM benefits because the Hospital was named on the check as one of the payees. On July 11, 2000, a patient accounts representative for the Hospital wrote a letter to GEICO stating that the Hospital had agreed to accept $5000 of the $10,000 in UM benefits to permit Mr. and Mrs. Hoy to have the remaining $5000 and to satisfy its claim of lien in full.[2]
In accordance with this arrangement, Mrs. Hoy delivered the $10,000 check to the Hospital. GEICO issued two new cheeks for $5000 each, one payable to Mr. and Mrs. Hoy and one payable to the Hospital. A GEICO representative delivered the two new checks to the Hospital and picked up the $10,000 check, which was voided. Mrs. Hoy returned to the Hospital and received her new check for $5000. Finally, the Hospital recorded a satisfaction of its claim of lien and wrote off Mrs. Hoy’s balance of $24,039.75.
II. THE PROCEDURAL HISTORY
In 2001, Mrs. Hoy filed an action against Mr. Lipovsky, the uninsured motorist.[3] In May 2004, almost four years after she had received the $5000 check, Mrs. Hoy filed a separate action against GEICO.[4] In her third amended complaint, Mrs. Hoy asserted four causes of action against GEICO: Count I, breach of contract for UM benefits; Count II, bad faith; Count III, fraud in the inducement; and Count IV, rescission of the release for the $10,000 in UM *650 benefits. The trial court abated Count II, the bad faith claim.
After Mrs. Hoy sued GEICO, it intervened in her action against Mr. Lipovsky. In March 2008, the trial court entered an order consolidating the two actions. The order provided that Counts III and IV of Mrs. Hoy’s action against GEICO would be bifurcated from Count I for trial. In addition, the order provided that Count I of Mrs. Hoy’s action against GEICO would be tried together with her action against Mr. Lipovsky. In a separate ruling, the trial court denied Mrs. Hoy’s motion to amend her complaint to add a claim against GEICO for punitive damages. The only issue tried below was Count III, Mrs. Hoy’s claim for fraud in the inducement. The case went to trial on the fraud claim in April 2011, almost eleven years after the events at issue. The trial lasted three days.
At trial, Mrs. Hoy testified that Ms. Campbell, GEICO’s field adjuster, promised that the Hoys would receive $10,000 in exchange for signing the release. Ms. Campbell denied making such a promise. According to Ms. Campbell, she explained to the Hoys that the Hospital had a statutory lien on the proceeds of any insurance benefits and that it was entitled to the entire amount of the UM benefits to reduce the amount of its lien. Mrs. Campbell also testified that after she delivered the two new checks to the Hospital, Mrs. Hoy never contacted her or anyone else at GEICO to complain that she had only received $5000 instead of the $10,000 allegedly promised. Mrs. Hoy did not testify that she had ever objected to the exchange of the $10,000 check for the new check in the lesser amount.
GEICO moved for a directed verdict on several grounds. In pertinent part, GEI-CO argued that Mrs. Hoy had not presented any evidence that she had sustained an injury to her detriment as a result of the alleged false representations. The trial court did not rule immediately on GEI-CO’s argument about the lack of evidence of injury, taking the matter under advisement.
During her trial testimony, Mrs. Hoy told the jury that she was asking for an award of $5000, the difference between the $10,000 in UM benefits that she was allegedly promised and the $5000 that she had actually received. In closing argument, Mrs. Hoy’s counsel repeatedly urged the jury to award Mrs. Hoy $5000. Nevertheless, the jury returned a verdict awarding Mrs. Hoy $20,000, four times as much as she had requested. The jury’s verdict also included an unauthorized “write-in” award to Mrs. Hoy of “ + court costs + attorney fees” in an unspecified amount. We have not found any explanation in the record concerning how the jury arrived at its $20,000 award.
After the jury rendered its verdict, GEI-CO filed several posttrial motions. These motions included: (1) a motion for new trial; (2) a motion to set aside the verdict and enter judgment in accordance with directed verdict; (3) a motion for jury interviews; and (4) a motion for remittitur or alternatively for a new trial. The trial court denied all of the posttrial motions, except the motion for remittitur, which it granted. In its order on the motion for remittitur, the trial court reduced the damage award to $5000, the amount that Mrs. Hoy and her counsel had requested from the jury. The trial court also struck the jury’s “write-in” award of “ + court costs + attorney fees.” Mrs. Hoy rejected the proposed remittitur and elected a new trial on damages. Thereafter, the trial court entered an order granting Mrs. Hoy a new trial on damages.
GEICO’s appeal followed. Mrs. Hoy cross-appealed the trial court’s order deny *651 ing her motion to amend the complaint to add a claim for punitive damages.
III. GEICO’S DIRECT APPEAL
A.The Standard of Review
On the direct appeal, we need address only GEICO’s challenge to the trial court’s ruling on its motion for directed verdict and to set aside the verdict and enter judgment in accordance with its motion for directed verdict. Our ruling on this issue moots the remaining issues raised by GEI-CO on its direct appeal.
We apply the de novo standard of review to a trial court’s ruling on a motion for directed verdict. Fell v. Carlin, 6 So.3d 119, 120 (Fla. 2d DCA 2009). In our review, we apply the same test that the trial court applies in ruling on the motion. Id. This court has previously stated this test as follows:
A motion for directed verdict should be granted only where no view of the evidence, or inferences made therefrom, could support a verdict for the nonmov-ing party. In considering a motion for directed verdict, the court must evaluate the testimony in the light most favorable to the nonmoving party and every reasonable inference deduced from the evidence must be indulged in favor the nonmoving party. If there are conflicts in the evidence or different reasonable inferences that may be drawn from the evidence, the issue is factual and should be submitted to the jury.
Sims v. Cristinzio, 898 So.2d 1004, 1005 (Fla. 2d DCA 2005) (citations omitted).
B.The Applicable Law
The only cause of action tried in the court below was Mrs. Hoy’s claim against GEICO for fraud in the inducement. The elements of a cause of action for fraud in the inducement are as follows:
1) a false statement concerning a material fact, 2) knowledge by the person making the statement that the representation is false, 3) intent by the person making the statement that the representation will induce another to act upon it, and 4) reliance on the representation to the injury of the other party.
Mettler, Inc. v. Ellen Tracy, Inc., 648 So.2d 253, 255 (Fla. 2d DCA 1994) (citing C & J Sapp Publ’g Co. v. Tandy Corp., 585 So.2d 290, 292 (Fla. 2d DCA 1991)) (emphasis added). Generally speaking, to satisfy the element of an injury, the claimant must establish that he or she has sustained pecuniary damage or injury by which he or she has been placed in a worse position than he or she would have been absent the fraud. 37 C.J.S. Fraud § 68 (2013). “It is of the very essence of an action of fraud or deceit that the same shall be accompanied by damage, and neither damnum absque injuria nor injuria absque damnum by themselves constitute a good cause of action.” Sutton v. Gulf Life Ins. Co., 138 Fla. 692, 189 So. 828, 829 (1939) (quoting Stokes v. Victory Land Co., 99 Fla. 795, 128 So. 408, 410 (1930)). It follows that where the claimant in an action for fraud in the inducement is unable to prove that he or she was injured by the alleged misrepresentation, the trial court must grant a directed verdict on the claim. See Casey v. Welch, 50 So.2d 124, 125 (Fla.1951).
C.Discussion
GEICO argues that the trial court should have granted its motion for directed verdict because Mrs. Hoy failed to establish the damages element of her claim for fraud in the inducement. We agree. In considering GEICO’s argument, the standard of review requires us to assume that GEICO’s representative misinformed Mrs. Hoy about the amount that Mr. and Mrs. Hoy would receive in exchange for *652 signing the release. Even so, Mrs. Hoy sustained no loss in reliance on the alleged misrepresentation. After the payment of the $10,000 in PIP benefits to the Hospital, Mrs. Hoy still owed the Hospital $29,039.75. The limit of the UM benefits payable to Mrs. Hoy under the automobile policy with GEICO was $10,000. In accordance with the applicable statute, the Hospital had a lien entitling it to receive the entire $10,000 UM benefit. Conversely, Mrs. Hoy was not entitled to receive any part of the UM benefit. When Mr. and Mrs. Hoy received $5000 of the UM benefits instead of $10,000 as allegedly promised, she sustained no loss. On the contrary, Mrs. Hoy received $5000 to which she had no right. Mrs. Hoy also received an additional benefit from the arrangement with the Hospital — the full satisfaction of the Hospital’s claim of lien and the write-off of her substantial balance of $24,039.75.
Under these circumstances, Mrs. Hoy failed to prove that she sustained any pecuniary damage or detriment as a result of the alleged misrepresentations. Mrs. Hoy’s position with regard to the UM benefits was no worse than it would have been if there had been no misrepresentation. For this reason, the trial court erred in failing to grant GEICO’s motion for directed verdict.
IY. MRS. HOY’S CROSS-APPEAL
We apply a de novo standard of review to the trial court’s denial of Mrs. Hoy’s motion for leave to amend to add a claim for punitive damages against GEI-CO. Tiger Point Golf & Country Club v. Hippie, 977 So.2d 608, 610 n. 2 (Fla. 1st DCA 2007); Holmes v. Bridgestone/Firestone, Inc., 891 So.2d 1188, 1191 (Fla. 4th DCA 2005). Upon a review of the record, we conclude that Mrs. Hoy failed to make “a reasonable showing by evidence in the record or proffered by [Mrs. Hoy] which would provide a reasonable basis for the recovery of [punitive] damages” as required by section 768.72(1), Florida Statutes (2003). This issue does not warrant additional discussion.
V. CONCLUSION
On GEICO’S direct appeal, we reverse the order granting a new trial on the issue of damages. On remand, the trial court shall enter a final judgment in favor of GEICO on Mrs. Hoy’s claim for fraud in the inducement. On Mrs. Hoy’s cross-appeal, we affirm.
Affirmed in part, reversed in part, and remanded.
ALTENBERND and CASANUEVA, JJ., Concur.

. Ch. 78-552, §§ 1-7, at 185-87, Laws of Fla.

. At trial, the parties disputed who had negotiated the arrangement for the split of the UM benefits. Mrs. Hoy insisted that the GEICO representatives were responsible. GEICO employees and a representative of the Hospital testified that Mrs. Hoy had negotiated the deal with the Hospital on her own. This factual dispute is not material to our decision in this appeal.

. Mr. Hoy was not named as a party to the litigation.

. The parties were previously before this court on GEICO’s petition for review by cer-tiorari of a nonfinal order requiring it to produce its claim file to Mrs. Hoy. GEICO Gen. Ins. Co. v. Hoy, 927 So.2d 122 (Fla. 2d DCA 2006).