NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

JAN FLANZER,                              )
                                          )
          Appellant,                      )
                                          )
v.                                        )    Case No. 2D16-2425
                                          )
ERIC KAPLAN and RAYMOND DEAN              )
HAUTAMAKI, as trustees of the Louis       )
and Gloria Flanzer Philanthropic Trust,   )
                                          )
          Appellees.                      )
_____ )

Opinion filed November 29, 2017.

Appeal from the Circuit Court for
Sarasota County; Charles Williams,
Judge.

Barbara Viota-Sawisch, Peter R.
Goldman, and Joseph H. Picone of
Broad and Cassel, Ft. Lauderdale, for
Appellant.

Kimberly A. Bald of Harllee & Bald, P.A.,
Bradenton, for Appellees.


NORTHCUTT, Judge.

          The circuit court dismissed Jan Flanzer's undue influence suit as untimely.

We reverse because Flanzer's claim may be subject to the delayed discovery provisions

of section 95.031(2)(a), Florida Statutes (2015).

Flanzer's parents, Gloria and Louis Flanzer, settled assets into a philanthropic trust in December 2005. By its terms, the trust became irrevocable at its creation. Louis died in June 2013; Gloria died in March 2015. In November 2015, Flanzer sued to challenge numerous estate planning documents executed by her parents, including the philanthropic trust. Flanzer alleged that during a period of time from at least 2001 until her mother's death, the Trustees[1] maintained a fiduciary relationship with her mother and served as her personal accountant, business and financial advisor, and attorney. According to Flanzer's complaint, her mother had a diminished mental capacity during this period and was emotionally and mentally susceptible to the undue influence of the Trustees. Flanzer further alleged that the Trustees exploited their confidential relationship with Flanzer's mother to alienate and ultimately eliminate Flanzer from her mother's estate planning scheme. In Count V of her complaint, Flanzer alleged that the philanthropic trust was the result of the Trustees' undue influence, and she called for the revocation of the trust.

The Trustees asserted that Count V must be dismissed with prejudice because the trust became irrevocable at its creation in 2005 and "[t]he applicable statute of limitations to challenge an irrevocable trust is four years from the date of its creation." The circuit court agreed and determined that the count must be dismissed with prejudice as a matter of law. The court expressly incorporated the Trustees' argument into its order and dismissed Count V. Flanzer timely appealed; we have

---

[1]Eric Kaplan and Henry Trawick were named by Mr. and Mrs. Flanzer to act as cotrustees and successor cotrustees of the Flanzers' various trusts. In September 2017, Mr. Trawick passed away during the pendency of this appeal. In October 2017, Mr. Kaplan appointed Raymond Dean Hautamaki to succeed Mr. Trawick in accordance with Mr. Trawick's designation.

jurisdiction.  See Fla. R. App. P. 9.030(b)(1)(A); 9.110(k).  We review the dismissal de novo.  Faller v. Faller, 51 So. 3d 1235, 1236 (Fla. 2d DCA 2011).

The Florida Trust Code permits a challenge to the validity of any portion of a trust procured by undue influence.  § 736.0406, Fla. Stat. (2015).  An action to contest the validity of a revocable trust "may not be commenced until the trust becomes irrevocable by its terms or by the settlor's death."  § 736.0207(2) (emphasis added).  However, the Code does not specify a limitations period in which to challenge a trust.  We therefore look to chapter 95, Florida Statutes, to determine when a plaintiff must bring an undue influence claim challenging a trust.  See § 95.011 ("A civil action . . . shall be barred unless begun within the time prescribed in this chapter or, if a different time is prescribed elsewhere in these statutes, within the time prescribed elsewhere.").

The parties agree that under chapter 95 the limitations period applicable to Flanzer's action is four years.  See § 95.11(3).  Indeed, a review of section 95.11 reveals that undue influence claims can only fall under subsection 95.11(3)(j), "[a] legal or equitable action founded on fraud."  See Peacock v. DuBois, 105 So. 321, 322 (Fla. 1925) ("Fraud and undue influence are not, strictly speaking, synonymous, though undue influence has been classified as either a species of fraud or a kind of duress, and in either instance is treated as fraud in general."); In re Guardianship of Rekasis, 545 So. 2d 471, 473 (Fla. 2d DCA 1989) (describing undue influence as a "species of fraud" and holding that statute of limitations on undue influence claim did not begin to run until the influence terminated or someone on Rekasis' behalf became aware of the influence).

- 3 -

The parties disagree, however, over the application of the delayed discovery doctrine, which states:

> An action founded upon fraud under s. 95.11(3), including constructive fraud, must be begun within the period prescribed in this chapter, with the period running from the time the facts giving rise to the cause of action were discovered or should have been discovered with the exercise of due diligence, instead of running from any date prescribed elsewhere in s. 95.11(3), but in any event an action for fraud under s. 95.11(3) must be begun within 12 years after the date of the commission of the alleged fraud, regardless of the date the fraud was or should have been discovered.

§ 95.031(2)(a) (emphasis added). On appeal, Flanzer argues that since courts treat undue influence as a species of fraud, undue influence is therefore subject to the delayed discovery doctrine. The Trustees challenge the application of section 95.031(2)(a) by emphasizing the elements that distinguish fraud and undue influence claims. They argue that such distinctions place undue influence claims outside the meaning of actions "founded upon fraud." We disagree.

To be sure, undue influence claims and fraud claims are distinct causes of action. See GEICO Gen. Ins. Co. v. Hoy, 136 So. 3d 647, 651 (Fla. 2d DCA 2013) (enumerating elements of fraud in the inducement); Greenberg v. Van Dam, 833 So. 2d 810, 812 (Fla. 3d DCA 2002) (enumerating elements of undue influence). But the uses of the prepositions "founded upon fraud" and "founded on fraud" in sections 95.031(2)(a) and 95.011(3)(j), respectively, plainly countenance a broader class of claims than merely actions alleging fraud in general. As such, we see no reason why section 95.031(2)(a) would not apply to Flanzer's claim—provided that Flanzer otherwise satisfies the requirements of that section. The Trustees point to no other

- 4 -

legal authority supporting the circuit court's conclusion that Flanzer must have challenged the philanthropic trust within four years of its becoming irrevocable.  We therefore reverse the dismissal of Count V of Flanzer's complaint and remand for further proceedings.

Reversed and remanded.

CASANUEVA and SLEET, JJ., Concur.