NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

BRIC McMANN INDUSTRIES, )
INCORPORATED, a Louisiana corporation, )
)
       Appellant, )
)
v. )      Case No.  2D16-1067
)
REGATTA BEACH CLUB CONDOMINIUM )
ASSOCIATION, INC., a Florida )
not-for-profit corporation, and ALBERT )
DOCOBO, )
)
       Appellees. )
_____ )

Opinion filed July 28, 2017.

Appeal from the Circuit Court for Pinellas
County; Walter L. Schafer, Jr., Judge.

Jason A. Herman of Herman & Wells, P.A.,
St. Petersburg, for Appellant.

Yvette R. Lavelle, W. Todd Boyd, and
Marisa E. Wiggins of Boyd Richards Parker
& Colonnelli, P.L., Miami, for Appellee
Regatta Beach Club Condominium
Association, Inc.

No appearance for Appellee Albert Docobo.

PER CURIAM.

Bric McMann Industries, Inc. (BMI), appeals the dismissal with prejudice of its nine-count complaint against Regatta Beach Club Condominium Association, Inc. (the Association), for failure to state a cause of action. BMI purchased seven commercial condominium units at the Regatta Beach Club. For approximately a decade, BMI and the Association have been engaged in litigation due to the Association's alleged efforts to prevent BMI from using its commercial units. The parties executed a settlement agreement in 2010, but the agreement did not end the litigation, and multiple portions of the agreement were ultimately held unenforceable by the trial court in a prior proceeding. In its operative complaint, BMI alleges nine counts' worth of contractual breaches and torts committed by the Association in the course of repeatedly preventing BMI from using its commercial condominium units.

After de novo review and the benefit of oral argument, we affirm without comment the trial court's dismissal with prejudice of Count IV (fraudulent misrepresentation) and Count VI (unjust enrichment). And, as BMI concedes in its initial brief, portions of Count I (breach of contract) were properly dismissed. Specifically, BMI agrees it cannot state a breach-of-contract claim based on breaches of paragraphs 2(C)(10)-(14) and portions of paragraph 2(C)(6) of the settlement agreement.[1]

---

[1]Count I relates to the Association's multiple, alleged breaches of the 2010 settlement agreement between BMI and the Association. On appeal, BMI concedes that paragraphs 2(C)(10)-(14) and portions of paragraph 2(C)(6) of the settlement agreement were held to be unenforceable by the trial court in a prior proceeding. Accordingly, BMI agrees that it cannot state a breach-of-contract claim as to any of the unenforceable language in the settlement agreement. However, the breaches alleged in Count I are not limited to the unenforceable portions of the settlement agreement, and BMI may still be able to state a breach-of-contract claim as to those parts of the settlement agreement which the trial court never held to be unenforceable.

However, we reverse the trial court's dismissal with prejudice of the alleged breaches in Count I which pertain to the rest of the settlement agreement. Likewise, we reverse the trial court's dismissal with prejudice of Count II (tortious interference), Count III (breach of express warranty), Count V (trespass), Count VII (failure to maintain common elements/breach of contract), Count VIII (tortious interference with a business relationship), and Count IX (tortious interference with a business relationship). See generally Murphy v. Bay Colony Prop. Owners Ass'n, 12 So. 3d 924, 926 (Fla. 2d DCA 2009) ("When ruling on a motion to dismiss for failure to state a cause of action, the trial court must accept the material allegations as true and is bound to a consideration of the allegations found within the four corners of the complaint.").

Affirmed in part; reversed in part; remanded for further proceedings.

VILLANTI, WALLACE, and BADALAMENTI, JJ., Concur.