# DISTRICT COURT OF APPEAL OF FLORIDA
## SECOND DISTRICT

_____

BRIC McMANN INDUSTRIES INCORPORATED,

Appellant,

v.

REGATTA BEACH CLUB CONDOMINIUM ASSOCIATION, INC.,

Appellee.

No. 2D22-2454

_____

September 15, 2023

Appeal pursuant to Fla. R. App. P. 9.130 from the Circuit Court for Pinellas County; George M. Jirotka, Judge.

Megan Powell and Kristin M. Rhodus of Rhodus Law Firm, PLLC, St. Petersburg, for Appellant.

Elaine D. Walter and Yvette Lavelle of Boyd Richards Parker Colonnelli, Miami, for Appellee.

KELLY, Judge.

Bric McMann Industries, Inc. (BMI), appeals from the trial court's order denying its motion to amend its complaint against Regatta Beach Club Condominium Association, Inc., to add a claim for punitive damages. In a previous appeal we reversed in part the dismissal of BMI's nine-count complaint after determining the trial court had erred in

dismissing some of BMI's breach of contract claims, its claims for tortious interference with various business relationships, and its claims for breach of express warranty, trespass, and failure to maintain common elements/breach of contract. *See Bric McMann Indus., Inc. v. Regatta Beach Club Condo. Ass'n*, 223 So. 3d 469, 469-70 (Fla. 2d DCA 2017). On remand, BMI sought leave to amend its complaint to add claims for punitive damages on each count of its complaint except the counts for breach of express warranty and trespass. In support of its motion, BMI filed, among other things, deposition testimony, affidavits, emails, and documents for the purpose of satisfying its obligation to make an evidentiary showing in support of its motion. The trial court denied the motion to amend "without prejudice" in an unelaborated order.[1]

---

[1] Florida Rule of Appellate Procedure 9.130 was recently amended to add subdivision (a)(3)(G) which authorizes appeals of nonfinal orders that grant *or deny* a motion for leave to amend to assert a claim for punitive damages. *In re Amend. to Fla. R. App. Proc. 9.130*, 345 So. 3d 725, 726 (Fla. 2022). Previously, orders granting motions to amend could be reviewed only by certiorari. Orders *denying* motions to amend were not reviewable by certiorari but rather were reviewed on appeal from the final judgment in the case. *See Beck v. Wright*, 353 So. 3d 664, 665 (Fla. 2d DCA 2022) ("Although orders *granting* leave to amend to add a claim for punitive damages were subject to certiorari review prior to the amendment [of rule 9.130], orders *denying* leave to amend were not."). The order here is an order denying a motion to amend and thus is appealable notwithstanding the trial court's addition of the phrase "without prejudice" to its order. The phrase is superfluous because interlocutory rulings can be revisited at any time before a final judgment is entered. *See Deaterly v. Jacobson*, 313 So. 3d 798, 801-02 (Fla. 2d DCA 2021) (stating that the trial judge had the authority to review, vacate, and/or modify interlocutory rulings before the final judgment was rendered). Given that a ruling denying a motion to amend can be revisited at any time before the final judgment is entered, that it does not expose a party to financial discovery, which was the raison d'etre of allowing interlocutory appeals of orders *granting* motions to amend, and

We apply a de novo standard of review to the trial court's denial of BMI's motion for leave to amend to add a claim for punitive damages. *See GEICO Gen. Ins. Co. v. Hoy*, 136 So. 3d 647, 652 (Fla. 2d DCA 2013); *Holmes v. Bridgestone/Firestone, Inc.*, 891 So. 2d 1188, 1191 (Fla. 4th DCA 2005).

Section 768.72, Florida Statutes (2022), provides that a punitive damages claim may be added after a plaintiff makes a "reasonable showing by evidence in the record or proffered by the claimant which would provide a reasonable basis for recovery of such damages." § 768.72(1). Subsection (2) sets forth the circumstances under which a claim for punitive damages is warranted:

> (2) A defendant may be held liable for punitive damages only if the trier of fact, based on clear and convincing evidence, finds that the defendant was personally guilty of intentional misconduct or gross negligence. As used in this section, the term:
>
> (a) "Intentional misconduct" means that the defendant had actual knowledge of the wrongfulness of the conduct and the high probability that injury or damage to the claimant would result and, despite that knowledge, intentionally pursued that course of conduct, resulting in injury or damage.
>
> (b) "Gross negligence" means that the defendant's conduct was so reckless or wanting in care that it constituted a

---

that it can be reviewed after entry of the final judgment, allowing interlocutory appeals of such orders seems contrary to the supreme court's long-standing policy to allow interlocutory review of only the "most urgent" interlocutory orders. *See State v. Garcia*, 350 So. 3d 322, 325 (Fla. 2022) ("In the normal course of proceedings, Florida law authorizes interlocutory appeals from only a few types of nonfinal orders. Otherwise, appellate review is generally postponed until the matter is concluded in the trial court . . . ." (cleaned up)). It also invites piecemeal appeals.

conscious disregard or indifference to the life, safety, or rights of persons exposed to such conduct.

§ 768.72(2). BMI does not base its claim for punitive damages on allegations of gross negligence. Thus, the question before us is whether BMI's proffered evidence provided facts from which one could reasonably conclude that the Association's conduct satisfied the statutory criteria for the recovery of punitive damages for intentional misconduct.[2]

As BMI correctly asserts, the Association's argument that BMI did not make the required showing fails because it applies the wrong standard to address this question. Instead of relying on the language of section 768.72(2), the Association quotes *White Construction Co. v. Dupont*, 455 So. 2d 1026, 1029 (Fla. 1984), and argues BMI's proffered evidence does not show conduct that meets the standard articulated in *White*:

> The character of negligence necessary to sustain an award of punitive damages must be of a "gross and flagrant character, evincing reckless disregard of human life, or of the safety of persons exposed to its dangerous effects, or there is that entire want of care which would raise the presumption of a conscious indifference to consequences, or which shows wantonness or recklessness, or a grossly careless disregard of the safety and welfare of the public, or that reckless indifference to the rights of others which is equivalent to an intentional violation of them."

*Id.* (quoting *Carraway v. Revell*, 116 So. 2d 16, 20 n.12 (Fla. 1959)).

---

[2] "In the case of an employer, principal, corporation, or other legal entity, punitive damages may be imposed for the conduct of an employee or agent only if the conduct of the employee or agent meets the criteria specified in subsection (2) and . . . [the] legal entity actively and knowingly participated in . . . [or] knowingly condoned, ratified, or consented to such conduct." § 768.72(3), (a), (b). The Association has not argued that the requirements of section 768.72(3) were not met—only that BMI did not make the showing required in subsection (2).

And further it argues that this standard requires evidence of conduct "no less culpable than what is necessary to convict of criminal manslaughter."

This argument is misplaced because it overlooks the fact that in 1999 the Florida Legislature revised section 768.72. *See* ch. 99-225, § 22, Laws of Fla. Under the revised statute, a plaintiff seeking to recover punitive damages under a theory of intentional misconduct need only proffer evidence of "intentional misconduct" as defined in subsection 768.72(2)(a). *See Southstar Equity, LLC v. Lai Chau*, 998 So. 2d 625, 632-33 (Fla. 2d DCA 2008). Most of the cases the Association relies on, such as *White*, were decided before section 768.72 was revised in 1999. The newer cases it cites still quote the pre-1999 standard citing *White* or other pre-1999 decisions without reference to the statutory definition of "intentional misconduct." *See, e.g., Tiger Point Golf & Country Club v. Hipple*, 977 So. 2d 608, 610-11 (Fla. 1st DCA 2007) (citing *White* and other pre-1999 decisions). After reviewing the record, we conclude that BMI's proffer was sufficient to allow it to assert a claim for intentional misconduct as defined by subsection 768.72(2)(a) and that the Association's arguments in support of the trial court's denial of the motion to amend are unavailing.[3] Accordingly, we reverse the order denying BMI's motion to amend.

Reversed and remanded.

---

[3] We have not overlooked the other arguments the Association has made in support of an affirmance. We have concluded they lack merit and do not warrant further discussion.

LaROSE, J., Concurs.
ATKINSON, J., Concurs in result only.

———————————————————

Opinion subject to revision prior to official publication.